In re CHATEAUGAY CORPORATION, Reomar, Inc., the LTV Corporation, et al., Debtors.

The LTV CORPORATION, Plaintiff–Appellee,

v.

VALLEY FIDELITY BANK & TRUST COMPANY, as Trustee, Defendant–Appellant.

Nos. 90 Civ. 2974 (SWK), 90 Civ. 2975 (SWK), 90 Civ. 2977 (SWK), 90 Civ. 2978 (SWK), 90 Civ. 2989 (SWK), 90 Civ. 2993 (SWK), 90 Civ. 2994 (SWK) and 90 Civ. 2990 (SWK).

United States District Court, S.D. New York.

July 23, 1991.

Levin & Weintraub & Crames by Arlene R. Alves, and Davis Polk & Wardwell, by Karen E. Wagner, Maryellen E. Abely, New York City, for debtors.

Stroock & Stroock & Lavan by Lawrence Handelsman, Mark Speiser, New York City, for Steel Creditors Committee.

Blank, Rome, Comisky & McCauley by Thomas E. Biron, Philadelphia, Pa., for Parent Committee.

Rosenman & Colin by Paul L. Bindler, New York City, for IBJ Schroder Bank & Trust Co.

Haynes and Boone by Robin E. Phelan, Dallas, Tex., for BancTexas–Dallas.

Walker & Walker, P.C. by John A. Walker, Jr., Knoxville, Tenn., for Valley Fidelity Bank & Trust Co.

Day, Berry & Howard by James J. Tancredi, Hartford, Conn., for The Connecticut Bank & Trust Co., N.A.

Hahn Loeser & Parks by Lawrence E. Oscar, Cleveland, Ohio, for The Huntington Nat. Bank.

Shipman & Goodwin by Alan E. Lieberman, Hartford, Conn., for The Connecticut National Bank.

Sullivan & Cromwell, by Mark Van Dyke Holmes, New York City, for San Paolo Bank.

Winthrop, Stimson, Putman & Roberts by Ted A. Berkowitz, New York City, for First Fidelity Bank, Nat. Ass'n, New Jersey.

## MEMORANDUM AND ORDER

KRAM, District Judge.

Defendant–Appellant Valley Fidelity Bank & Trust Company, as Trustee, and Intervenor–Appellants Connecticut Bank and Trust Company, N.A., Connecticut National Bank, Hibernia National Bank in Texas, Huntington National Bank, IBJ Schroder Bank & Trust Company, Maryland National Bank and Team Bank, appeal from the Memorandum Decision and Order of the Bankruptcy Court reported at 109 B.R. 51 and 111 B.R. 67 (Bkrtcy. S.D.N.Y.1990).[1]

Sixty-six entities affiliated with the LTV Corporation filed petitions for reorganization pursuant to Chapter 11 of the Bankruptcy Code in the Southern District of New York on July 17, 1986 and thereafter. On November 27, 1987, Valley Fidelity, as indenture trustee for LTV 13⅞% Sinking Fund Debentures due December 1, 2002 (the "Old Debentures"), filed Proof of Claim No. 20,069 in the amount of $33,976,000 for principal plus prepetition interest and certain other expenses. On the same date Valley Fidelity, as indenture trustee for LTV 15% senior notes due January 15, 2000 (the "New Notes"), filed Proof of Claim No. 20,067 in the amount of $116,035,000 for principal and accrued prepetition interest plus other expenses.

On September 14, 1989 LTV filed an Objection to Claims, objecting in part to Valley Fidelity's claim no. 20,067, seeking an order reducing the allowed principal amount of the New Notes by $7,256,017, which amount allegedly constituted original issue discount. Shortly thereafter the Bankruptcy Court permitted certain other indenture trustees to intervene for the purpose of supporting Valley Fidelity's position.

Upon considering the parties' briefs and holding a hearing, the Bankruptcy Court, Chief Judge Lifland presiding, granted summary judgment to Debtor LTV as to its partial objection as to the New Notes. As a threshold matter, the Bankruptcy Court determined that Valley Fidelity, as indenture trustee, is the proper party in interest in this action because Valley Fidelity alone filed the proof of claim underlying this motion on behalf of other holders of securities. The Bankruptcy Court, relying in part on *In re Allegheny International*, 100 B.R. 247 (Bkrtcy. W.D.Pa.1989) (appeal withdrawn), then disallowed the unamortized original issue discount ("OID") as unmatured interest on Valley Fidelity claims pursuant to 11 U.S.C. § 502(b)(2). The Bankruptcy Court also determined that the unamortized original issue discount should be calculated by the constant interest method rather than the straight line or other methods.[2]

Appellants challenge each of the above-stated aspects of Judge Lifland's ruling, on the bases of statutory construction of 11 U.S.C. § 501(a) and Bankruptcy Rule 3003(c)(5), § 502(b)(2), notions of procedural Due Process, the Equal Protection Clause, principles of equity and various policy grounds.

---

1. The Official Committee of Unsecured Creditors of LTV Steel Company has also filed a brief partially supporting and partially challenging the Bankruptcy Court's decision.

2. Pursuant to a stipulation by the parties, the amount of unamortized OID on the Old Debentures was determined to be $3,554,609. The disallowed amount on the New Notes for the unamortized OID was $8,174,134.

■ This Court reviews the legal determinations of the Bankruptcy Court *de novo*. The Court concurs with the Bankruptcy Court's decision and reasoning in its entirety. That decision addressed the parties' positions and the various bases for opposition that the appellants raise in this Court, in much the same manner as this Court would. Accordingly, this Court affirms the decision of the Bankruptcy Court in all respects.

## CONCLUSION

The decision of the Bankruptcy Court is AFFIRMED.

SO ORDERED.