Greg WEATHERS, Appellant,

v.

**BEAN DREDGING CORPORATION, CT Corporation System, 601 Poydrass Street, New Orleans, LA 70130, Appellee.**

No. 93–1931.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 13, 1993.

Decided June 13, 1994.

Gail Gaus Renshaw, Wood River, IL, argued, for appellant.

Timothy Burr, New Orleans, LA, argued (Scott Soule, on the brief), for appellee.

Before McMILLIAN, FAGG and BOWMAN, Circuit Judges.

McMILLIAN, Circuit Judge.

Greg Weathers appeals from a final order entered in the United States District Court[1] for the Eastern District of Arkansas dismissing his claims against his former employer, Bean Dredging Corporation (Bean), on grounds that the claims were time-barred by the applicable statute of limitations under the Jones Act, 46 U.S.C. § 688 *et seq. Weathers v. Bean Dredging Corp.,* No. LR–C–92–212, 1993 WL 669260 (E.D.Ark. March 18, 1993) (memorandum opinion and order). For reversal, Weathers argues that the district court erred in failing to toll the three-year limitations period during the time his claims were pending in state court. For the reasons discussed below, we affirm the order of the district court.

On April 5, 1991, Weathers filed an action against Bean under the Jones Act in Missouri state court alleging that on September 26, 1988, Bean negligently exposed him to loud and excessive noise causing hearing loss and that on January 30, 1989, Bean terminated him in retaliation for reporting the work-related injury. According to Bean, Weathers was discharged after testing positively for illegal drug use. On November 22, 1991, the Missouri state court dismissed Weathers' complaint for lack of personal jurisdiction over Bean. On April 1, 1992, over four months after the state court dismissal and over three years after the accrual of Weathers' claims, he filed this action in federal district court. Bean moved for summary judgment on grounds that the federal action was time-barred under the Jones Act's three-year statute of limitations. When Weathers failed to timely respond to the summary judgment motion, the district court granted Bean's motion as unopposed and dismissed the case. Weathers filed an untimely motion for extension of time to respond to Bean's motion for summary judgment and filed a motion for reconsideration of the district court's order, arguing that the three-year limitations period should have been equitably tolled during the seven and a half months the state court action was pending. The district court construed Weathers' motion for reconsideration as a motion pursuant to Fed. R.Civ.P. 59(a) and reviewed the merits. The district court then denied the motion on grounds that even if the doctrine of equitable tolling applied in Jones Act cases involving a prior dismissal for lack of personal jurisdiction, Weathers is not entitled to receive the benefits of equitable tolling because he failed to diligently pursue his rights. Slip op. at 5. Weathers appealed.

Weathers argues that the district court erred in failing to follow the holding in *Burnett v. New York Central R.R.,* 380 U.S. 424, 85 S.Ct. 1050, 13 L.Ed.2d 941 (1965) (*Burnett*). In *Burnett,* the plaintiff's state court action brought pursuant to the Federal Employees' Liability Act (FELA)[2] was dismissed for improper venue. The plaintiff refiled in federal court eight days after the dismissal and before the time to appeal had expired, but beyond the expiration of the three-year statute of limitations. The Supreme Court held that "when a plaintiff begins a timely FELA action in a state court of competent jurisdiction, service of process is made upon the opposing party, and the state court action is later dismissed because of improper venue, the FELA limitation is tolled during the pendency of the state action." *Id.* at 428, 85 S.Ct. at 1054. The Supreme Court further observed that "[r]espondent could not have relied upon the policy of repose embodied in the limitation statute, for it was aware that petitioner was actively pursuing his FELA remedy; in fact, respondent appeared specially in the Ohio court to file a motion for dismissal on grounds of improper venue." *Id.* at 429–30, 85 S.Ct. at 1054–55. Weathers contends that Bean was similarly on notice of his Jones Act claims and cannot now claim surprise or prejudice resulting from the late filing in federal court. Weathers also argues that he has demonstrated "the same diligence" as the plaintiff in *Burnett.* Finally, Weathers maintains that a determination of minimum con-

---

**1.** The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas.

**2.** The Jones Act incorporates the three-year statute of limitations in the FELA.

tacts for personal jurisdiction purposes can often be a "close call"; therefore, in fairness, a plaintiff's erroneous analysis of a court's personal jurisdiction over a particular defendant should not result in a bar of the plaintiff's claims.

In response, Bean notes that ordinarily federal courts are very sparing in allowing equitable relief from statutes of limitations. Bean argues that, as a matter of law, equitable tolling should never apply where a prior dismissal of the same claims was based on lack of jurisdiction, as opposed to lack of venue.[3] *Burnett*, for example, involved a prior dismissal for improper venue. Moreover, the Supreme Court's reasoning in *Burnett* focused on inconsistencies in the way various state and federal courts handle matters involving improper venue. Because some state courts do not allow transfers of venue, while others do, the Supreme Court reasoned that a strict application of the statute of limitations in cases involving improper venue could produce widely varying results. *Id.* at 430–32, 85 S.Ct. at 1055–57. Finally, Bean maintains that, in any case, Weathers did not diligently pursue his claims. As early as June of 1991, when Bean filed its motion to dismiss for lack of jurisdiction in Missouri state court, Weathers could have preserved his claims by filing a separate action in another court of competent jurisdiction. Weathers failed to file a concurrent federal action to protect his rights or even to file immediately after the dismissal. Instead, he slept on his rights by waiting four months to file in federal court. *See id.* at 428, 85 S.Ct. at 1054 (courts ought to be relieved of burden of trying stale claims when a plaintiff has slept on his or her rights).

The district court declined to decide the issue of whether, as a matter of law, the statutory limitations period under the Jones Act could be equitably tolled during the pendency of an action that is later dismissed on jurisdictional grounds. Instead, the district court simply held that even if the doctrine of equitable tolling could apply, Weathers was not entitled to equitable relief in the present case in light of its procedural background. In reaching this conclusion, the district court agreed with the reasoning in *Covey v. Arkansas River Co.*, 865 F.2d 660 (5th Cir.1989) (*Covey*). In *Covey,* the plaintiff filed a timely action under the Jones Act in Illinois state court. The Illinois state court dismissed for lack of jurisdiction. Seventeen months later, with only a few days remaining in the three-year limitations period, the plaintiff filed the same claims in federal court in the Eastern District of Missouri. That federal action was also dismissed on jurisdictional grounds. Thirteen days later, the plaintiff filed suit in federal court in Mississippi, this time in a court of competent jurisdiction. By then, however, the three-year limitations period had expired. When the defendant moved for summary judgment on grounds that the claims were time-barred, the plaintiff failed to timely respond and instead waited to present her arguments in a motion to vacate the district court's summary judgment order. Her motion was denied. On appeal, the Fifth Circuit declined to determine the propriety of applying the equitable tolling doctrine. The Fifth Circuit held that, even if the doctrine applied, the plaintiff had failed to show sufficient diligence in pursuing her claims and protecting her rights to justify tolling the statute in that case. The Fifth Circuit noted "[i]t is a common maxim that equity is not intended for those who sleep on their rights.... Covey's actions throughout the life of this claim indicate a lack of diligence in asserting her rights." *Id.* at 662.

In the present case, the district court likewise concluded that Weathers slept on his rights. The district court noted:

> [i]n the case at bar, the defendant sought dismissal of plaintiff's Missouri case in August 1991,[4] setting forth the site of the injury, domicile of the defendant, state of residence of the plaintiff as well as the

---

3. This issue has never been squarely decided by the Supreme Court or a federal court of appeals. Contrary to Bean's assertion, the Fifth Circuit did not decide this issue in *Wilson v. Zapata Off–Shore Co.*, 939 F.2d 260 (5th Cir.1991) (equitable tolling not applicable to post-limitation Jones Act claim where case previously dismissed on juris-

dictional grounds asserted different claims, under a different federal statute).

4. Actually, Bean's motion to dismiss in state court was served and filed in June of 1991.

state of residence of the health care provider. The [state] court granted dismissal on November 22, 1991. Plaintiff then waited over four months to file the present suit. Additionally, as in *Covey,* plaintiff here failed to file a timely response (or a timely motion for extension of time to respond) to defendant's motion for summary judgment.

Slip op. at 6. The district court also distinguished the present case from two district court cases from other circuits where the doctrine of equitable tolling was applied despite a prior dismissal on jurisdictional grounds. Slip op. at 5–6. In those cases, the plaintiffs had diligently pursued their claims. *Walck v. Discavage,* 741 F.Supp. 88 (E.D.Pa. 1990) (plaintiff filed separate federal court action in anticipation of dismissal of state court action); *Reynolds v. Logan Charter Serv., Inc.,* 565 F.Supp. 84 (N.D.Miss.1983) (upon dismissal of original action, plaintiff immediately filed a motion for reconsideration and a separate federal court action).

We also decline to decide the question of whether or not equitable tolling should be allowed where the prior dismissal was on jurisdictional grounds. We agree with the district court's reasoning. Even if we were to apply the doctrine of equitable tolling, Weathers would not be entitled to relief in light of his failure to diligently pursue his rights. As a matter of equity, it was appropriate for the district court to consider all of the circumstances as a whole and refuse to toll the statute of limitations based upon the procedural background of the present case. The order of the district court is therefore affirmed.