Mark A. **MAMER**, Appellant,

v.

**APEX R.E. & T.**, doing business as **Apex Towing Co.**, Appellee.

No. 94–2604.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 10, 1995.

Decided July 14, 1995.

Gail Gaus Renshaw, Wood River, IL, argued, for appellant.

Alan Kramer Goldstein, St. Louis, MO, argued, for appellee.

Before BOWMAN, Circuit Judge, JOHN R. GIBSON, Senior Circuit Judge, and WOLLMAN, Circuit Judge.

BOWMAN, Circuit Judge.

Mark Mamer, the plaintiff in this Jones Act case, appeals the order of the District Court[1] granting summary judgment in favor of the defendant, Apex Towing Company. The District Court held that Mamer's action was barred by the three-year statutes of limitations on Jones Act claims, 46 U.S.C. app. § 688 (1988), and maritime tort claims, 46 U.S.C. app. § 763a (1988). Mamer timely appeals. For the reasons set forth below, we affirm.

### I.

In March 1984, Mamer was injured while working as a deckhand on a vessel owned by Apex. On July 31, 1984, Mamer filed an action against Apex in Illinois state court alleging negligence under the Jones Act, 46 U.S.C. app. § 688, and general maritime unseaworthiness. Some three years later, while discovery in Mamer's action was still in progress, Apex filed a petition for protection under Chapter 11 of the Bankruptcy Code. Under 11 U.S.C. § 362(a), the petition operated as an automatic stay suspending all claims against Apex, including those asserted in Mamer's Illinois action. Mamer timely filed a proof of claim with the Bankruptcy Court on July 14, 1988. On November 28, 1989, pursuant to a stipulation by Mamer and Apex, the Bankruptcy Court ordered the submission of Mamer's claim to a claims resolution procedure established by the Court. Subsequently, on April 26, 1990, with the claims resolution procedure still pending, Mamer voluntarily dismissed his state court action against Apex.

The Bankruptcy Court confirmed Apex's Chapter 11 reorganization plan on August 16, 1990, thus lifting the automatic stay, *see United States v. Carolina Parachute Corp.,* 907 F.2d 1469, 1474 (4th Cir.1990), and commencing a thirty-day period within which Mamer was permitted to file a civil action against Apex pursuant to 11 U.S.C. § 108(c). Mamer did not file an action against Apex within thirty days, and mediation of Mamer's claim against Apex continued pursuant to the claims resolution procedure established by the Bankruptcy Court, ultimately concluding unsuccessfully on November 26, 1991. On February 12, 1993, Mamer filed this action in the District Court, restating his Jones Act and unseaworthiness claims and, in addition, stating a claim for maintenance and cure. Following discovery, the District Court granted Apex's motion for summary judgment, finding that Mamer's claims were barred by the applicable three-year statutes of limitations. On appeal, Mamer argues that the District Court erred by failing to apply equitable tolling to preserve his claims.

### II.

We review *de novo* the granting of a summary judgment motion. *Maitland v. University of Minnesota,* 43 F.3d 357, 360 (8th Cir.1994). Summary judgment should be granted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Id.* In this case, there is no genuine issue of material fact concerning the question of whether Mamer's claims should be held barred by the applicable statutes of limitations. Nor is it disputed that Mamer's claims are subject to three-year statutes of limitations. The only issue before us is whether, as a matter of law, the District Court should have applied

---

**1.** The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri.

the doctrine of equitable tolling to preserve Mamer's claims.

■ The Supreme Court has held that the Jones Act statute of limitations [2] is "not totally inflexible" and may be extended "under appropriate circumstances." *Burnett v. New York Central R.R. Co.*, 380 U.S. 424, 427, 85 S.Ct. 1050, 1054, 13 L.Ed.2d 941 (1965). Specifically, equitable tolling of the limitations period may be warranted where plaintiff has been prevented from asserting his rights, *id.* at 429, 85 S.Ct. at 1055; *Central States, Southeast & Southwest Areas Pension Fund v. Slotky*, 956 F.2d 1369, 1376 (7th Cir.1992), or where affirmative misconduct of a defendant lulled the plaintiff into inaction, *Wilson v. United States*, 23 F.3d 559, 561 (1st Cir.1994); *Favorite v. Marine Personnel & Provisioning, Inc.*, 955 F.2d 382, 389 (5th Cir.1992). However, the doctrine of equitable tolling may not be invoked by a plaintiff who has "slept on his rights." *Burnett*, 380 U.S. at 429, 85 S.Ct. at 1055; *see also Weathers v. Bean Dredging Corp.*, 26 F.3d 70, 73 (8th Cir.1994) (holding that Jones Act plaintiff was not entitled to relief in light of failure to diligently pursue his rights).

Mamer argues that because he was bound by his stipulation with Apex to mediate his claim, he was not free to file an action against Apex until mediation finally proved unfruitful on November 26, 1991. Because the three-year limitations period had expired by that time, Mamer argues that he was effectively prevented from asserting his rights against Apex by forces beyond his control, and that equitable principles thus require tolling of the statutes of limitations. His arguments fail to specify the particular periods of time during which he would have

us apply equitable tolling, making it impossible for us to respond to his arguments except in the broadest terms.

■ We are unpersuaded that Mamer's rights against Apex were in any way abridged by forces beyond his control. In the first place, Mamer actually filed a timely action in state court asserting his Jones Act and general maritime claims against Apex. The state court's subsequent dismissal of that action was granted at Mamer's own request. Although Mamer contends that he sought dismissal of the suit because he believed his stipulation with Apex would toll the statute of limitations, we are unable to find anything in the stipulation that would justify Mamer's belief.[3] Thus, responsibility for the loss of his rights against Apex must be laid squarely at Mamer's feet. Mamer does not suggest that he was hindered from pursuing his rights by any misconduct on the part of Apex. Mamer points to nothing other than the aforementioned stipulation to explain his voluntary dismissal of his timely state court action. The fact is that Mamer simply has not been diligent in preserving his legal claims, as is further evidenced by his unexplained delay in filing this action in the District Court until fourteen months after the failure of the claims resolution procedure.

In *Weathers*, the Jones Act plaintiff waited until four months after his state court action was dismissed before filing an action in federal court. In light of that delay, we concluded that the plaintiff had failed to "diligently pursue" his rights and thus was not entitled to equitable tolling of the statute of limitations during the pendency of the dismissed state action. *Weathers*, 26 F.3d at 73.

---

**2.** The Jones Act incorporates the three-year statute of limitations set out in the Federal Employer's Liability Act (FELA) and codified at 45 U.S.C. § 56. *Covey v. Arkansas River Co.*, 865 F.2d 660, 661 (5th Cir.1989).

**3.** The stipulation, in its entirety, reads as follows:
Claimant MARK A. MAMER and Debtor APEX OIL COMPANY hereby stipulate to the following:
  1. The above-referenced claim is to be referred to the Claims Objections Procedure as established by this Court and made subject to the terms and conditions of the Order dated August 10, 1989; and

  2. Hearing on the Debtors' objection to the above claim is to be taken off calendar.
*In re: Apex Oil Company*, No. 87–03804–BKC–BSS (Bankr.E.D.Mo. Nov. 22, 1989) (Stipulation Between Apex Oil Company and Mark A. Mamer and Agreed Upon Order to Refer Claim to the Claims Objections Procedure).
We note that Mamer does not argue that anything in the Bankruptcy Court's August 10, 1989 order, which is mentioned in paragraph 1 of the stipulation, justified his belief that the stipulation would toll the statute of limitations.

*See also Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir.1989) (refusing to apply equitable tolling doctrine where plaintiff failed to show sufficient diligence in pursuing her claims). In the present case, Mamer was considerably more dilatory than the plaintiff in *Weathers.* Thus, Mamer's appeal to equity fails to stir our sympathies, and we decline to apply equitable tolling.

Mamer concedes that he is not urging upon us the argument for statutory tolling that the Second Circuit rejected in *Aslanidis v. United States Lines, Inc.,* 7 F.3d 1067 (2nd Cir.1993). There, the plaintiff's principal argument was that 11 U.S.C. § 108(c) *statutorily* tolled the Jones Act limitations period. *Id.* at 1074. Section 108(c) states, in pertinent part:

> [I]f applicable nonbankruptcy law ... fixes a period for commencing ... a civil action in a court other than a bankruptcy court on a claim against the debtor ... and such period has not expired before the date of the filing of the petition, then such period does not expire until the later of—
>
> > (1) the end of such period, *including any suspension of such period occurring on or after the commencement of the case;* or
> >
> > (2) 30 days after notice of the termination or expiration of the stay under section 362....

11 U.S.C. § 108(c) (1988) (emphasis added). Aslanidis, having missed the thirty-day post-confirmation deadline of (c)(2), argued that the emphasized language of (c)(1) operated to suspend the running of the Jones Act statute of limitations while the debtor was protected by the automatic stay in bankruptcy, a proposition that the Second Circuit rejected. *Aslanidis,* 7 F.3d at 1074–75.

In this case, Mamer does not assert that the Jones Act limitations period is statutorily tolled by the provisions of 11 U.S.C. § 108(c), but rather that the Act's limitations period should be equitably tolled. Indeed, he contends that the thirty-day post-confirmation deadline of § 108(c) is irrelevant because he was bound by his stipulation with Apex to continue mediation beyond that deadline. Appellant's Br. at 6–7. However, as we concluded earlier in this opinion, Mamer has failed to show that equitable tolling is warranted in the circumstances of this case. Absent such a showing, Mamer's claims against Apex are time-barred, and Apex is entitled to judgment as a matter of law.

### III.

The judgment of the District Court is affirmed.