896 F.Supp. 966 (1995)
William FERRIS, Plaintiff,
v.
VECO INCORPORATED, Defendant.
No. A94-387 CV (JKS).
United States District Court, D. Alaska.
August 18, 1995.
William Ferris, in pro. per., Anchorage, AK.
John M. Miller, Eide & Miller, Anchorage, AK, for Veco, Inc.

ORDER
SINGLETON, District Judge.
William Ferris ("Ferris") brings this action in admiralty seeking damages from Veco Inc., his former employer, for a heart condition that was allegedly caused or aggravated by the stressful conditions of his employment. Ferris sues under the Jones Act for unseaworthiness and, in addition, requests maintenance and cure. Veco seeks summary judgment, arguing that Ferris' claims were not timely under the applicable three year statute of limitations. Docket No. 32. Veco contends one of two three year limitation periods applies to all claims asserted by Ferris, but that even if Ferris' maintenance and cure claims are not directly governed by a statute of limitations, the law of laches tracks the nearest applicable statute of limitations and Ferris has not shown a reasonable excuse or proved that his delay did not prejudice Veco. Docket No. 32 & 38.[1] The motion itself was not opposed, but *967 Ferris filed an objection to a recommendation from Magistrate Judge Branson, which the Court will treat as an opposition. Docket No. 37.[2] Magistrate Judge Branson, to whom this matter was initially referred, has recommended that the motion be granted. Docket Nos. 36 & 39.
The Court has reviewed the record de novo and exercised its independent judgment. The Court agrees with Magistrate Judge Branson's findings and conclusions in most respects, which it adopts. The Court disagrees only in that Ferris' maintenance and cure claim survives the limitations challenge. The Court assumes, but does not decide, that the discovery rule applies and that Ferris' claims did not accrue until he knew or should have known that there was a connection between his heart problems and his employment. At the latest, Ferris' claims accrued when he saw the connection, and with the initial assistance of competent counsel skilled in employee related tort claims, sought recovery before the Longshoreman and Harbor Workers Compensation Board ("Board"). This event occurred more than the applicable three years before this action was filed. Ferris' main claim is that his filing with the Board tolled the limitation period. The only applicable authority is to the contrary. See Wilson v. Zapata Off-Shore Co., 939 F.2d 260, 266-68 (5th Cir.1991); see also Weathers v. Bean Dredging Corp., 26 F.3d 70 (8th Cir.1994); compare Johnson v. Railway Express Agency, Inc., 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975) (refusing to find equitable tolling where civil rights claimant pursued administrative relief passed the deadline for filing a judicial claim). Nevertheless, recognizing equitable tolling has some logic. The purpose of the statute of limitation is to prevent people from sleeping on their rights until evidence is lost and witnesses have forgotten. Where someone like Ferris files in the wrong forum but gives notice, his adversary is alerted to the claim and can, and in the case of institutional litigants, no doubt will, undertake an investigation identifying evidence and witnesses. So long as the case lingers in the wrong forum, the parties are litigating. Thus, where as here, the Longshoreman and Harbor Workers Compensation Act ("LHWCA") claim was not dismissed until June 24, 1994, and the claim in this case was filed on August 4, 1994, less than two months later, it is hard to find prejudice. See, e.g., Burnett v. New York Central R.R. Co., 380 U.S. 424, 85 S.Ct. 1050, 13 L.Ed.2d 941 (1965); compare Weathers, 26 F.3d at 71 (claimant waited four months after the first claim was dismissed on jurisdictional grounds before filing claim in proper jurisdiction).[3]Wilson distinguished Burnett which it grouped with cases in which the claimant filed a timely action in the wrong court involving the same statutory claims thus giving *968 precise notice of that claim to the adversary. Wilson, 939 F.2d at 266-67. In the Wilson court's view, a claim under the LHWCA is not the same as a maritime claim for Jones' act negligence, unseaworthiness, and maintenance and cure. Id. at 267. The Court provided two reasons. First, a LHWCA claim does not require a finding of fault, while the Jones Act definitely does require fault. Id. And, to the extent that unseaworthiness is a species of strict liability in tort, unseaworthiness requires such a finding as well.[4]Wilson does not mention maintenance and cure which, like worker's compensation, does not require a finding of fault. Second, the scope of recovery is different.[5]
These arguments address the Jones Act claim and to a lesser extent the unseaworthiness claim since each involves issues that a worker's compensation claim does not. A claim for maintenance and cure also can be distinguished from a worker's compensation claim on the basis of history and tradition, but they present the same issues in most respects. Clearly, Ferris should have filed a protective law suit. He did not. His excuse is that he and his legal advisors were confused about whether he was a seaman or a harbor worker. Bearing in mind that Ferris was either proceeding pro se or aided by one who, in the contemplation of Alaska law, was engaged in the unlawful practice of law during a major part of this litigation, and that despite a voluminous record before the agency, Veco never claimed that Ferris was a seaman or sought dismissal of his LHWCA claim on jurisdictional grounds, the Court concludes that the limitation period should be equitably tolled to permit Ferris to bring his maintenance and cure claim at this time. While the issue is fairly debatable, the Court follows Wilson and concludes that equitable tolling should not apply to the Jones Act and unseaworthiness claims.[6]
IT IS THEREFORE ORDERED:
Veco's motion for summary judgment at Docket No. 32 is GRANTED IN PART AND DENIED IN PART. Ferris' claims based upon the Jones Act and the maritime doctrine of unseaworthiness are barred by the applicable statutes of limitations. Ferris' LHWCA claim served to toll the applicable statute of limitations regarding his claims for maintenance and cure.
NOTES
[1] There is a split of authority on whether 46 U.S.C. app. § 763a covers maintenance and cure claims or whether the equitable doctrine of laches applies. It appears that the Ninth Circuit, when and if it decides this issue in a published opinion, will conclude that such a claim is analogous to a maritime tort and therefore covered by the limitation period. See, e.g., Usher v. M/V Ocean Wave, 27 F.3d 370 (9th Cir.1994) (giving the limitation period a broad application).
[2] In deciding whether to allow equitable tolling of a statute of limitations, some courts look to a claimant's actions after filing his claim as well as before in determining whether he has shown due diligence. See, e.g., Weathers v. Bean Dredging Corp., 26 F.3d 70, 72 (8th Cir.1994); Covey v. Arkansas River Co., 865 F.2d 660, 662 (5th Cir. 1989). Ferris fails that test. He procrastinated in finding counsel and failed to respond to the motion for summary judgment despite prompting by the Magistrate Judge. Nevertheless, Ferris' actions in this Court are not really germane to the policies underlying the statute of limitations since they did not delay alerting Veco to Ferris' desire to litigate his claim. Ferris' delay in making discovery and failure to litigate the motion for summary judgment indicate that he is not in a hurry to resolve his claim in this Court but does not suggest that he is abandoning that claim.
[3] Ferris sought to toll the Jones' Act limitation period before the administrative law judge and was rebuffed on jurisdictional grounds. The judge did, however, point out some valid considerations in his written order. First, Veco never contested subject matter jurisdiction before the agency. The decision to reject Ferris' claims for lack of subject matter jurisdiction was a sua sponte decision of the hearing officer after listening to Ferris' testimony. Despite what the hearing officer describes as a "voluminous record," a motion to dismiss on jurisdictional grounds had neither been raised nor even mentioned. Second, while initially represented by a lawyer, Ferris was represented during the latter history of his claim by a paralegal purporting to represent Ferris under a power of attorney permitting lay representation of litigants under Alaska law. The Alaska Supreme Court has since rejected this use of powers of attorney. See, e.g., Christiansen v. Melinda, 857 P.2d 345 (Alaska 1993). Third, it appears that the Jones Act/unseaworthiness claims are identical to the LHWCA claims, i.e., assert a work related heart disease.
[4] Alaska views strict liability as a form of "fault." See AS 09.17.900.
[5] Wilson did not specifically hold that equitable tolling would only apply where the claimant filed in the wrong venue and would never apply where the claimant filed in a court or before an agency that lacked jurisdiction. Id. The Court declines to treat the distinction between jurisdiction and venue as controlling. True, some jurisdictions will permit transfers of venue to avoid dismissal where jurisdictional defects mandate dismissal. Nevertheless, the issue posed by a statute of limitations is whether notice was received in time to locate witnesses and preserve evidence. Being sued anywhere gives this kind of notice. Once it is determined that the adversary had notice, any presumption of prejudice disappears. Of course, even without a presumption, prejudice may exist; but Veco has not mentioned any specific witness currently unavailable or evidence lost or suppressed. Given the nature of Ferris' claim, it appears that the LHWCA record provides all the information Veco will need. Of course, Ferris has not been diligent. Nevertheless, he has been pro per most of the time and this fact must be taken into account and some leeway given.
[6] The Court is applying equitable tolling, not waiver or estoppel. There is an argument that Veco "waived" the claim that Ferris was a seaman by failing to object to the LHWCA proceeding, but jurisdictional grounds cannot be waived. It does not appear that Veco engaged in anything but inaction in the proceedings before the agency to lull Ferris into a false sense of security. Estoppel should be based on more affirmative or nefarious conduct.