## In re C & G EXCAVATING, INC., Debtor.

### Bankruptcy No. 95–21513T.

United States Bankruptcy Court, E.D. Pennsylvania.

Jan. 29, 1998.

Barry A. Solodky, Blakinger, Byler & Thomas, P.C., Lancaster, PA, for Debtor.

Kelly A. Kilpatrick, Law Offices of Benjamin G. Lipman, Philadelphia, PA, for Sidney R. Rhodes, Jr.

Dave P. Adams, Philadelphia, PA, Office of the United States Trustee.

### *OPINION*

THOMAS M. TWARDOWSKI, Bankruptcy Judge.

■ Before the Court is an objection filed by Debtor ("C & G") to the proof of claim filed by Sidney R. Rhodes, Jr. ("Rhodes"). Rhodes' claim is based upon injuries he allegedly sustained on January 12, 1993 while working as a seaman on a dredge owned by C & G. C & G objects to Rhodes' claim arguing that because Rhodes never filed a complaint to recover for these injuries and the statute of limitations has now expired on Rhodes' cause of action, Rhodes' proof of claim must be disallowed. For the reasons that follow, we sustain C & G's objection to Rhodes' proof of claim.[1]

There is no dispute regarding the following facts. C & G filed a voluntary petition under Chapter 11 of the Bankruptcy Code on July 28, 1995. On January 16, 1996, Rhodes filed a proof of claim in an amount in excess of $4,000,000.00[2] based on the injuries he allegedly sustained while working as a seaman on C & G's dredge. On August 13, 1996, C & G filed its amended disclosure statement and amended chapter 11 plan. C & G's amended

---

**1.** While bankruptcy courts lack subject matter jurisdiction to liquidate or estimate contingent or unliquidated personal injury tort or wrongful death claims for purposes of distribution, *see* 28 U.S.C. § 157(b)(2)(B), several courts have determined, and we agree, that bankruptcy courts have jurisdiction to decide corollary issues involving the validity of a proof of claim for personal injuries or wrongful death, such as whether the statute of limitation on the underlying cause of action has expired. *See In re Chateaugay Corp.*, 111 B.R. 67, 75 (Bankr.S.D.N.Y.1990), *aff'd.,* 130 B.R. 403 (S.D.N.Y.1991); *aff'd.,* 146 B.R. 339, 342–44 (S.D.N.Y.1992); *see also In re*

*Standard Insulations, Inc.,* 138 B.R. 947, 951–54 (Bankr.W.D.Mo.1992). We add that while neither party addressed this issue in their submissions to this court, we find that we have jurisdiction to decide whether Rhodes' proof of claim should be disallowed as being barred by the maritime statute of limitation. *Id.*

**2.** Rhodes filed a proof of claim in the amount of $2,000,000.00 *in rem* against C & G's dredge and in the amount of $2,000,000.00 against C & G *in personam.*

plan was confirmed by this Court on February 6, 1997. Rhodes' claim was classified as a "Class 4" claim under the amended plan and amended disclosure statement. According to the amended disclosure statement, Rhodes' claim was covered by an insurance policy with East Coast Marine which had a limitation of $1,000,000.00.[3] *See* First Amended Disclosure Statement at 6–7.

Neither side disputes the following legal principles: *(A)* Claims under the Jones Act, 46 U.S.C.App. § 688, as well as claims for personal injuries arising out of maritime torts, 46 U.S.C.App. § 763a, are subject to a three year statute of limitation; and *(B)* Section 108(c) of the Bankruptcy Code, 11 U.S.C. § 108(c) states that:

> " ... if applicable nonbankruptcy law ... fixes a period for commencing ... a civil action in a court other than a bankruptcy court on a claim against the debtor ... and such period has not expired before the date of the filing of the petition, then such period does not expire until the later of— *(1)* the end of such period including any suspension of such period occurring on or termination or expiration of the stay under section 362 ... ".

Finally, neither side disputes the fact that confirmation of C & G's amended plan on February 6, 1997 terminated the automatic stay provisions of section 362(a) of the Bankruptcy Code, 11 U.S.C. § 362. *See Mamer v. Apex R.E. & T.*, 59 F.3d 780, 781 (8th Cir. 1995); *United States v. Carolina Parachute Corp.*, 907 F.2d 1469, 1474 (4th Cir.1990).

As stated earlier, C & G objects to the allowance of Rhodes' proof of claim arguing that the claim is barred by the maritime statute of limitation and the thirty day extension thereof permitted by 11 U.S.C. § 108(c). Rhodes' disagrees, staking his entire position on a bland assertion that "numerous courts have held that the filing of a proof of claim is analogous to the filing of a complaint to commence a civil action." *See* Rhodes' Brief at 2. However, none of the cases or authorities cited by Rhodes to support this assertion address or involve the precise issue before us, namely, whether a proof of claim for

personal injuries under federal maritime law should be disallowed when the claimant failed to file a complaint within the applicable maritime statute of limitation and the thirty day extension thereof permitted by section 108(c). Furthermore, these cases and authorities do not stand for the proposition that the filing of a proof of claim is equivalent to the filing of a complaint for purposes of the running of the statute of limitations on a personal injury cause of action or for the proposition that the filing of a proof of claim tolls the statute of limitations on such a cause of action. Rather, the cases and authorities relied upon by Rhodes cite this proposition as part of a general analysis of the procedure to be applied in proof of claim litigation and deal with issues such as the burden of proof in proof of claim litigation and the effect of a voluntary withdrawal of a proof of claim. In short, the cases and authorities relied upon by Rhodes are inapposite and are not helpful to a resolution of the issue before us. *See Smith v. Dowden*, 47 F.3d 940, 943 (8th Cir.1995); *Simmons v. Savell (In re Simmons)*, 765 F.2d 547, 552 (5th Cir.1985); *In re Eastern Fire Protection, Inc.*, 44 B.R. 140, 142 (Bankr.E.D.Pa.1984); *Nortex Trading Corp. v. Newfield*, 311 F.2d 163, 164 (2d Cir.1962); *Collier on Bankruptcy*, 15th Ed.Rev. ¶ 502.02[2][c].

To our knowledge, neither the Third Circuit nor any District Court or Bankruptcy Court in this District has ruled upon the issue of whether a proof of claim for maritime personal injuries must be disallowed where the claimant failed to file a complaint within the maritime statute of limitations and the thirty day extension afforded by section 108(c). However, several other federal courts have ruled on the effect of a vessel owner's bankruptcy filing upon the running of a maritime statute of limitations. In *Grotting v. Hudson Shipbuilders, Inc.*, 85 B.R. 568, 569–70 (W.D.Wash.1988), the District Court dismissed a complaint for personal injury damages arising out of a maritime accident filed against a corporation which filed for Chapter 11 relief because the complaint was not filed within three years of the al-

---

**3.** Rhodes does not argue that the fact that C & G acknowledged that his claim was partially cov-

ered by insurance absolved him from the responsibility of filing a complaint in district court.

leged injury or within thirty days of the lifting of the automatic stay. The Court held that "there is no language either in the Automatic Stay provision or the Extension of Time provision of the Bankruptcy Code that suspends a statute of limitations from running." *Id.* at 569. The Court in *Grotting* reasoned that although the predecessor to section 108(c) expressly provided for a "suspension" of any statute of limitations during the pendency of bankruptcy proceedings, no such provision was made by Congress in the current Bankruptcy Code. Therefore, a claimant had three choices: *(1)* file a motion to lift the automatic stay; *(2)* file a personal injury complaint after the termination of the bankruptcy proceedings, if the statute of limitations has not run; or *(3)* file a complaint during the thirty day period set forth in section 108(c). *Id.* at 570.

The reasoning of *Grotting* was endorsed by the Second Circuit Court of Appeals in *Aslanidis v. United States Lines, Inc.,* 7 F.3d 1067 (2d Cir.1993). In *Aslanidis,* the plaintiff-seaman was allegedly injured on the defendant's ship in May of 1985. The defendant filed a bankruptcy petition in November of 1986. Five years later, the plaintiff sought and was granted relief from the automatic stay, but did not file a complaint against the defendant until February of 1992, which was fifty-eight days after the stay was lifted. *Id.* at 1070. The Second Circuit affirmed a Southern District of New York ruling granting summary judgment against the plaintiff based upon the fact that the statute of limitations had run thirty days after the automatic stay was lifted and therefore, the plaintiff's complaint was time barred.

■ We agree with the reasoning of the courts in *Aslanidis*[4] and *Grotting.* Turning

to the facts presented in the case before us, we note that Rhodes never filed a motion with this Court to lift the automatic stay to file and pursue a maritime personal injury complaint against C & G in federal district court and Rhodes never filed such a complaint within thirty days of the date the stay was terminated, 11 U.S.C. § 108(c).[5] This is particularly inexplicable in view of the fact that the statute of limitations on Rhodes' claim against C & G had slightly more than six months to run when C & G filed its bankruptcy petition and Rhodes was aware as early as August 2, 1996 that C & G challenged his claim based on the statute of limitations since C & G filed its objection to Rhodes' proof of claim specifically raising the statute of limitations on that date. Furthermore, there is no doubt that Rhodes could have successfully nullified the statute of limitations defense by requesting relief from the stay and filing a complaint within thirty days of the date relief was granted or by filing a complaint within thirty days of February 6, 1997, the date C & G's amended plan was confirmed and the automatic stay terminated. However, Rhodes failed to take either of these steps and the statute of limitations, plus the thirty day extension thereof afforded by section 108(c), have now expired. Accordingly, we find that since Rhodes failed to file a complaint within the applicable maritime statute of limitation and the thirty day extension of this statute of limitation afforded by 11 U.S.C. 108(c), Rhodes' cause of action is time barred and C & G's objection to his proof of claim must be sustained.

---

4. Rhodes attempts to distinguish *Aslanidis* by arguing that in that case, the plaintiff had not filed a proof of claim in the bankruptcy proceeding. While a thorough review of the opinion in *Aslanidis* does not reveal whether the plaintiff had in fact filed a proof of claim in the underlying bankruptcy proceeding, a review of several other cases reveals that courts have found plaintiffs' maritime complaints time barred even where it is clear that the plaintiffs had filed timely proofs of claim in the underlying bankruptcy proceedings. *See Bennett v. United States Lines, Inc.,* 64 F.3d 62, 64 (2d Cir.1995); *Mamer,* 59 F.3d at 781; *McKinney v. Waterman Steamship Corp.,* 925 F.2d 1, 4 (1st Cir.1991); *see also*

*Skywark v. Isaacson,* 202 B.R. 557, 558 (S.D.N.Y. 1996). Accordingly, we reject Rhodes' attempt to distinguish *Aslanidis* as unconvincing.

5. As stated earlier, the automatic stay terminated in this case on February 6, 1997, when C & G's amended plan was confirmed. Hence, 11 U.S.C. § 108(c) afforded Rhodes thirty days from this date to file a maritime complaint in federal district court and still be within the maritime statute of limitations. As Rhodes failed to do so, his cause of action is now time barred and his proof of claim must be disallowed.