# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2627

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff/Appellee, | * | |
| | * | |
| v. | * | |
| | * | |
| William Martin Gurley, | * | |
| | * | Appeal from the United States |
| Defendant/Appellant, | * | District Court for the Eastern |
| | * | District of Arkansas. |
| George E. Mills, Jr., | * | |
| | * | |
| Trustee, | * | |
| | * | |
| State of Arkansas, Arkansas | * | |
| Department of Environmental Quality, | * | |
| | * | |
| Intervenor Below/Appellee. | * | |

_____

Submitted: October 12, 2005
Filed: January 20, 2006

_____

Before RILEY, HANSEN, and COLLOTON, Circuit Judges.

_____

RILEY, Circuit Judge.

William M. Gurley (Gurley) is an owner/operator of two hazardous waste sites: the Gurley Pit in Edmondson, Arkansas (Edmondson site), and the South 8th Street

site in West Memphis, Arkansas (West Memphis site). Gurley was found liable for response costs for cleanup of the Edmondson site. The government also obtained a declaratory judgment for liability at the Edmondson site for future response costs. Gurley later filed for bankruptcy in Florida. The government filed a proof of claim in the bankruptcy court for response costs and interest for the Edmondson site pursuant to the existing judgment and declaratory judgment, and also for response costs for the West Memphis site. Gurley moved to withdraw the reference to the contested matter, and the court transferred the matter to the district court in Arkansas.[1] Gurley objected, arguing (1) the court had no subject matter jurisdiction, and (2) the action was never commenced because the government did not serve him with a complaint, therefore any properly filed complaint would be time-barred. The district court disagreed and ultimately entered judgment against Gurley. Gurley moved to alter or amend the judgment, contending the start date for calculating interest was incorrect. The court denied the motion and Gurley's subsequent motion for reconsideration. Gurley appeals. We affirm.

## I.    BACKGROUND

In March 1992, Gurley was found liable under the Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA), 42 U.S.C. § 9601-9675, for over $1.7 million in response costs the government had incurred cleaning the Edmondson site. United States v. Gurley Refining Co., 788 F. Supp. 1473, 1484 (E.D. Ark. 1992), aff'd sub nom. United States v. Gurley, 43 F.3d 1188 (8th Cir. 1994). The district court also awarded prejudgment interest and granted the United States a declaratory judgment for all future response costs associated with the Edmondson site, id. at 1485, estimated at over $6 million, United States v. Gurley, 317 F. Supp. 2d 870, 874 (E.D. Ark. 2004). In July 1995, Gurley filed a Chapter 7 petition for bankruptcy in a Florida bankruptcy court. Pursuant to the bankruptcy

---

[1]The Honorable Stephen M. Reasoner, United States District Judge for the Eastern District of Arkansas, now deceased.

court's order, the government filed a proof of claim on April 24, 1996, then an amended proof of claim on March 23, 1998, seeking response costs for the Edmondson site, including the amount for which the government previously obtained a judgment, post-judgment response costs pursuant to the declaratory judgment, and interest. The government's proof of claim also sought response costs for the West Memphis site, seeking response costs through November 30, 1997, unliquidated response costs after that date, and interest. Gurley filed an objection to the proof of claim, then filed a motion in the Middle District of Florida to withdraw the reference of the contested matter from the bankruptcy court to the district court. The district court granted the motion, then transferred venue to the Eastern District of Arkansas.

The government moved for summary judgment on (1) the Edmondson site based upon the previously granted declaratory judgment, and (2) the West Memphis site for past and future response costs. The district court granted the government partial summary judgment on its proof of claim and set trials on the issues of response costs for the Edmondson site under the declaratory judgment against Gurley, Gurley's liability for the West Memphis site, and response costs for the West Memphis site. The court rejected Gurley's arguments that the government did not serve him with a complaint on the matter, and that Gurley had been denied the right to answer. The court held an evidentiary hearing, and entered judgment against Gurley. Following a bench trial on the amount of response costs, the court ordered further briefing on this issue. Gurley made no argument regarding the start date for accrual of interest. The court issued its decision, holding the government is entitled to (1) almost $14 million for the Edmondson site response costs plus interest from the dates of expenditure through the date judgment was entered on June 30, 2001; (2) almost $7 million for the West Memphis site response costs plus interest from the date the government filed its proof of claim on April 24, 1996, through July 24, 2002; and (3) additional unliquidated interest accruing after July 24, 2002. With respect to the accrual date for interest based on the date of the proof of claim filing, the court held the government is entitled to interest from "the later of (i) the date payment of a

specified amount is demanded in writing, or (ii) the date of the expenditure concerned." Gurley, 317 F. Supp. 2d at 880 (quoting 42 U.S.C. § 9607).

Gurley moved to alter or amend the judgment, arguing the start date for calculating interest should have been January 1, 2001, the date the government provided certified costs documentation to Gurley, not the date of the government's demand or expenditures. Gurley then filed an amended and supplemental motion to alter or amend the judgment, arguing the start date for calculating interest should have been (1) July 26, 2002, the date the government rested its case in the cost recovery trial, or alternatively (2) January 1, 2001. The court denied Gurley's motions on the ground "[n]ew arguments cannot be raised for the first time in a Motion to Alter or Amend Judgment under rule 59(e)." Gurley filed a motion to reconsider, which was denied.

## II. DISCUSSION
### A. Subject Matter Jurisdiction

Gurley argues the Arkansas district court lacked subject matter jurisdiction because the government never brought an action or filed a complaint, but only filed its proof of claim in the bankruptcy court. Gurley primarily relies on two cases. See In re C & G Excavating, Inc., 217 B.R. 64 (Bankr. E.D. Pa. 1998), aff'd sub nom. Rhodes v. C & G Excavating, Inc., No. Civ.A. 98-6274, 1999 WL 820204 (E.D. Pa. Sept. 29, 1999); Easley v. Pettibone Mich. Corp., 990 F.2d 905 (6th Cir. 1993). The government responds the district court had subject matter jurisdiction to adjudicate Gurley's objection to the government's proof of claim in Gurley's bankruptcy proceeding under 28 U.S.C. § 1334(b). The government is correct.

Under 28 U.S.C. § 1334(b), district courts have original jurisdiction over bankruptcy cases. The statute provides: "notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil

proceedings arising under title 11, or arising in or related to cases under title 11." <u>Id.</u> § 1334(b). District courts, however, need not adjudicate these cases; they may refer them to bankruptcy courts: "Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district." <u>Id.</u> § 157(a).

Bankruptcy courts may hear all bankruptcy cases and their "core proceedings": "Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this title." <u>Id.</u> § 157(b)(1). Core proceedings include "allowance or disallowance of claims against the estate." <u>Id.</u> § 157(b)(2)(B). Adjudication of the filing of and objection to a proof of claim in a bankruptcy case is a core proceeding arising under Title 11. <u>In re Wood</u>, 825 F.2d 90, 97 (5th Cir. 1987) ("If the proceeding is one that would arise only in bankruptcy, it is also a core proceeding; for example, the filing of a proof of claim or an objection to the discharge of a particular debt.").

While district courts may refer bankruptcy cases to bankruptcy courts, when "resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce," the district court "shall, on timely motion of a party," withdraw reference of the proceedings to the bankruptcy court. 28 U.S.C. § 157(d). Withdrawing the reference and returning adjudication of a proof of claim to the district court does not change the proceeding's bankruptcy nature or affect the district court's subject matter jurisdiction granted under 28 U.S.C. § 1334(b). <u>See</u>, <u>e.g.</u>, <u>In re Nat'l Gypsum Co.</u>, 134 B.R. 188, 192-93 (N.D. Tex. 1991).

CERCLA proofs of claim are no exception to this rule. The Bankruptcy Code defines a "claim" in part as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." 11 U.S.C. § 101(5)(A). The Code also provides any creditor may file a proof of claim. Id. § 501(a). The government's proof of claim fits these broad definitions. The government, as a creditor, asserted a right to payment, part of which had been reduced to judgment regarding the Edmondson site, part of which was the subject of a declaratory judgment regarding that site, and part of which was based on liability for liquidated and unliquidated response costs for the West Memphis site. And while district courts have exclusive jurisdiction over controversies arising under CERCLA, see 42 U.S.C. § 9613(b), this is not inconsistent with the district court in this case having jurisdiction over adjudication of the government's CERCLA proof of claim.

Gurley's cited cases are not to the contrary. See C & G Excavating, 217 B.R. at 66; Easley, 990 F.2d at 912. Gurley argues these cases stand for the proposition that the filing of a proof of claim in bankruptcy court does not take the place of the necessary step of commencing an action by the filing of a complaint in district court. As the government correctly points out, both of Gurley's cited cases involved personal injury claims and a plan of reorganization that provided tort plaintiffs would file suit and recover from insurance outside of the bankruptcy process. See C & G Excavating, 217 B.R. at 65 & n.3; Pettibone Corp. v. Easley, 935 F.2d 120, 121 (7th Cir. 1991). Gurley's plan contained no such provision. Thus, any such cases with language regarding the necessity to file outside of the bankruptcy process do not apply here.

## B. Personal Jurisdiction and Service of Process

Gurley argues the district court did not have personal jurisdiction over him because he was not served by the government with a complaint. Gurley is incorrect. By filing its proof of claim in the bankruptcy proceeding, the government participated

-6-

in the proceeding under 28 U.S.C. § 1334 to share in the recovery of Gurley's estate's assets being held *in rem* by the bankruptcy trustee. See Tenn. Student Assistance Corp. v. Hood, 541 U.S. 440, 448 (2004) ("The discharge of a debt by a bankruptcy court is similarly an *in rem* proceeding."); Katchen v. Landy, 382 U.S. 323, 327 (1966) (reasoning bankruptcy courts have jurisdiction to adjudicate controversies relating to the bankrupt's property). Because it was an *in rem* proceeding, there was no need to establish personal jurisdiction over Gurley. Further, under the Federal Rules of Bankruptcy Procedure, which apply to adjudication of proofs of claim (instead of the Federal Rules of Civil Procedure), see Fed. R. Bankr. P. 7002, 7003, there was no need for the government to issue a summons or serve a complaint. Fed. R. Bankr. P. 3001-3005.

### C.    CERCLA Statute of Limitations

Gurley argues the government's filing of its proof of claim was time-barred because the government was required to file a separate CERCLA action outside of the bankruptcy process and serve a complaint on him. Because the government did not do so, Gurley claims the government did not initiate an action for response costs within the applicable limitations period. Again, we disagree. The filing of its proof of claim constituted the government's requisite "action" to recover costs under CERCLA. See In re Nat'l Gypsum Co., 139 B.R. 397, 411 (N.D. Tex. 1992). Furthermore, as discussed above, the government was not required to serve a complaint. Fed. R. Bankr. P. 3001-3005. No other redundant action or service of a complaint by the government outside of the bankruptcy process was required.

Regarding the Edmondson site, CERCLA provides for a three-year statute of limitations from the completion of all response action once a declaratory judgment of liability has been entered. 42 U.S.C. § 9613(g)(2). The government's filing of its proof of claim on April 24, 1996, fell within three years of September 12, 1994, the completion date for the government's response action. Regarding the West Memphis site, CERCLA provides for a six-year statute of limitations following initiation of

physical on-site construction of remedial action.  Id.  The government's filing of its proof of claim fell within six years of the initiation of remedial action at the West Memphis site.

### D.   Calculation of Interest

Gurley argues the district court incorrectly calculated interest past the bankruptcy petition date of July 26, 1995, and the 1992 decision against Gurley, see Gurley Refining, 788 F. Supp. at 1485, constitutes issue preclusion and equitable estoppel as to the start date for calculation of prejudgment interest.  The government responds Gurley raised these arguments for the first time in Gurley's motion to alter or amend the judgment, thus the district court did not abuse its discretion in denying Gurley's motion.[2]  See In re Kirwan, 164 F.3d 1175, 1177-78 (8th Cir. 1999) (stating motions to reconsider may be granted only for cause); In re Mathiason, 16 F.3d 234, 239 (8th Cir. 1994) (stating this court reviews for an abuse of discretion a bankruptcy court's decision on a motion to reconsider).  Gurley claims vague references by his attorney at the trial court's costs hearings raised the issue of interest calculation.  He also claims arguments made in his pretrial and post-trial pleadings preserved the issue, but he offers no specific citations to the record for these arguments.

Without scouring the record for Gurley's alleged arguments, see United States v. Dunkel, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs."), it does not appear Gurley raised these arguments, especially with respect to issue preclusion and equitable estoppel, before his motion to alter or amend the judgment.  The district court did not abuse its discretion in not

---

[2]Gurley's motion was styled as one under Federal Rule of Civil Procedure 59(e), but it was actually a motion to reconsider the court's allowance of costs and interest under the government's proof of claim.  Federal Rule of Bankruptcy Procedure 9023 provides Rule 59 applies in bankruptcy cases except as provided by Federal Rule of Bankruptcy Procedure 3008.  Rule 3008 and 11 U.S.C. § 502(j) govern motions to reconsider the allowance of claims.

addressing Gurley's arguments, and Gurley has not shown cause why his motion for reconsideration should have been granted.  See In re Kirwan, 164 F.3d at 1177-78; In re Mathiason, 16 F.3d at 239.

## III.    CONCLUSION

We affirm both the district court's judgment entered against Gurley and the district court's denial of Gurley's motion for reconsideration.

_____