**Virginia COVEY, Plaintiff–Appellant,**

v.

**ARKANSAS RIVER COMPANY, A Corporation, Defendant–Appellee.**

No. 88–4649
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Feb. 13, 1989.

Jeanne L. Sathre, Dennis F. Nalick, Lakin & Herndon, Wood River, Ill., George F. Hollowell, Jr., Greenville, Miss., for plaintiff-appellant.

Ernest Lane, III, Greenville, Miss., for defendant-appellee.

Before CLARK, Chief Judge,
JOHNSON, and JOLLY, Circuit Judges.

JOHNSON, Circuit Judge:

Appellant Virginia Covey, arguing that the doctrine of equitable tolling renders her Jones Act claim timely filed, has appealed to this Court. Covey seeks reversal of the district court's order granting summary judgment in favor of defendant/appellee Arkansas River Company and dismissing Covey's claim. Because we determine that the prerequisites necessary for application of the equitable tolling doctrine have not been satisfied, we affirm the order of the district court.

## I. FACTS AND PROCEDURAL HISTORY

On September 8, 1983, Bobby Skipper, Covey's son, was employed as a deckhand and crewmember of the M/V MARY ANN HARBISTON. Skipper allegedly contracted a terminal illness while aboard the vessel.

Covey initially filed this Jones Act claim on September 7, 1984 in the Circuit Court of the Third Judicial Circuit in Madison County, Illinois. On March 6, 1984, the court dismissed for lack of jurisdiction.[1] Seventeen months later, on August 25, 1986, Covey refiled in the United States District Court for the Eastern District of Missouri. Defendant was served two days prior to the running of the three year statute of limitations. The cause was dismissed for lack of jurisdiction on November 7, 1986.

Thirteen days later, on November 20, 1986, Covey brought the cause of action in the United States District Court for the Northern District of Mississippi. The Mississippi district court dismissed the case pursuant to Arkansas River's motion on the grounds that the case was not filed within the three year limitations period. No reply was timely filed to this motion; however, Covey subsequently filed a motion to vacate the summary judgment, which the district court denied. From the dismissal, Covey has brought this timely appeal.

## II. DISCUSSION

The Jones Act incorporates the three year statute of limitations set out in the Federal Employer's Liability Act (FELA) contained in 45 U.S.C. § 56.[2] The FELA provision states that "no action shall be maintained under this chapter unless commenced within three years from the date the cause of action accrued." *Id.*

In certain instances, the doctrine of equitable tolling may be invoked to extend the period during which the case may be filed. In *Burnett v. New York Central Railroad Co.*, 380 U.S. 424, 85 S.Ct. 1050, 13 L.Ed.2d 941 (1965), the Supreme Court held that the doctrine of equitable tolling applies to FELA cases which are dismissed due to improper venue. The Court concluded

> that it effectuates the basic congressional purpose in enacting this humane and remedial Act, as well as those policies embodied in the Act's limitation provision, to hold that when a plaintiff begins a timely FELA action in a state court of competent jurisdiction, service of process is made upon the opposing party, and the state court action is later dismissed because of improper venue, the FELA limitation is tolled during the pendency of the state action.

---

1. Appellant fails to note this phase of the proceedings in her brief to this Court.

2. *See Reynolds v. Logan Charter Service, Inc.*, 565 F.Supp. 84 (N.D.Miss.1983).

*Id.* 85 S.Ct. at 1054. This Court, in *Maxwell v. Swain,* 833 F.2d 1177 (5th Cir.1987), specifically addressed the propriety of applying equitable tolling to an action brought under the Jones Act and dismissed for improper venue.[3]

The case before us today is not one in which the cause was dismissed for lack of proper venue; rather, the case was twice dismissed due to jurisdictional defects. In *Platoro Limited, Inc. v. Unidentified Remains of a Vessel,* 614 F.2d 1051 (5th Cir. 1980), *cert. denied,* 449 U.S. 901, 101 S.Ct. 272, 66 L.Ed.2d 131 (1980), a panel of this Court relied on the Supreme Court's reasoning in *Burnett* to toll the statute of limitations in an action which was originally filed in a court which lacked jurisdiction.[4] Similarly, the Northern District of Mississippi, relying on *Platoro* and *Burnett,* applied the doctrine to a Jones Act action which was originally filed in a court lacking subject matter jurisdiction. *Reynolds v. Logan Charter Service, Inc.,* 565 F.Supp. 84 (N.D.Miss.1983). This Court has not yet decided the applicability of equitable tolling to Jones Act cases which are dismissed for want of jurisdiction and refiled subsequent to the limitations period.

It is not necessary for us to determine today what the rule is in this Circuit. Rather, we note that even if we were to apply the doctrine of equitable tolling, Covey has failed to demonstrate that she is a proper candidate to receive the benefits of equity. As the *Burnett* Court noted, factors to consider in determining whether to apply equitable tolling include diligence on the part of the party bringing the action, and timely service of process. *Burnett,* 85 S.Ct. at 1055. Covey has failed to demonstrate sufficient diligence in bringing her claim to warrant the application of equitable principles. It is a common maxim that equity is not intended for those who sleep on their rights.

In the instant case, Covey twice filed in a court of improper jurisdiction. As the district court noted, Covey's "failure to determine which court had proper jurisdiction prior to the second filing of her action negates any serious and diligent intention on her part to pursue available legal remedies." Record at 29. Additionally, Covey failed to respond to Arkansas River's motion to dismiss, and waited to present her arguments in the motion to vacate the summary judgment. Covey's actions throughout the life of this claim indicate a lack of diligence in asserting her rights.

## III. CONCLUSION

We find no error in the district court's grant of summary judgment in favor of Arkansas River based on the failure to comply with the statute of limitations. Covey's lack of diligence in asserting her claim indicates that this is not a proper case for application of the doctrine of equitable tolling. For these reasons, the judgment of the district court is

AFFIRMED.

---

**3.** Prior to *Burnett,* in *Kernan v. American Dredging Co.,* 355 U.S. 426, 78 S.Ct. 394, 2 L.Ed.2d 382 (1958), the Supreme Court indicated that the FELA rule of prescription is applicable in Jones Act cases.

**4.** *Platoro* did not involve the Jones Act.