Nicolas VALENTIN

v.

OCEAN SHIPS, INC.

No. Civ.A. G–98–191.

United States District Court,
S.D. Texas,
Galveston Division.

March 12, 1999.

Ronald L White, Brown Sims Wise & White, Houston, TX, for Ron White, mediator.

Rand Allen Mintzer, Attorney at Law, Houston, TX, for Nicolas Valentin, plaintiff.

Robert L Klawetter, Houston, TX, for Ocean Ships Inc, defendant Eastham Watson Dale & Forney.

### ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

KENT, District Judge.

Plaintiff Nicolas Valentin allegedly was injured on May 7, 1993 while serving

aboard Defendant's vessel, the M/V SAMUEL COBB. On April 17, 1998, he brought suit against Defendant, his employer, under the Jones Act, 46 U.S.C.App. § 688 *et seq.*, and general maritime law. Subject matter jurisdiction is conferred upon this Court under 28 U.S.C. § 1333. Now before the Court is Defendant's Motion for Summary Judgment. For the reasons set forth below, Defendant's Motion is **GRANTED.** Each and all of Plaintiff's claims are **DISMISSED WITH PREJUDICE.**

## I. ·FACTUAL AND PROCEDURAL SUMMARY

In the spring of 1993, Plaintiff, at the time apparently a resident of New York, was employed as a seaman aboard the M/V SAMUEL COBB. On May 7, 1993, as he was performing his regular duties aboard the vessel, he suffered injuries to his shoulder and arm. On February 2, 1994, Plaintiff filed suit against Defendant in the Supreme Court of the State of New York, County of Bronx. In its Answer to Plaintiff's Complaint, Defendant asserted as an affirmative defense that it was not subject to personal jurisdiction in New York.

The New York lawsuit apparently wore on with little progress for more than three years until Defendant filed a Motion to Dismiss for Lack of Personal Jurisdiction on September 17, 1997. Plaintiff did not oppose the Motion. On October 15, 1997, the New York court issued an order granting Defendant's Motion by default and dismissing Plaintiff's suit. Subsequently, Plaintiff filed a Motion to Vacate the court's Order of Dismissal. However, Plaintiff apparently failed to file the necessary accompanying papers, and on January 12, 1998, the court denied his Motion to Vacate. On March 11, 1998, the New York court entered a Final Judgment dismissing Plaintiff's lawsuit.

After the dismissal of his New York suit, Plaintiff filed this suit in the United States District Court for the Southern District of Texas, Galveston Division. On April 17, 1998, Plaintiff filed his Complaint with the Clerk of the Court. More than three months later, on August 7, 1998, Plaintiff served process on Defendant.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). When a motion for summary judgment is made, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Issues of material fact are "genuine" only if they require resolution by a trier of fact. *See id.* at 248, 106 S.Ct. at 2510. The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. Only disputes over facts that might affect the outcome of the lawsuit under governing law will preclude the entry of summary judgment. *See id.* at 247–48, 106 S.Ct. at 2510. If the evidence is such that a reasonable fact-finder could find in favor of the nonmoving party, summary judgment should not be granted. *See id.; see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *Dixon v. State Farm Fire & Casualty Co.,* 799 F.Supp. 691 (S.D.Tex.1992) (noting that summary judgment is inappropriate if the evidence could lead to different factual findings and conclusions). Determining credibility, weighing evidence, and drawing reasonable inferences are left to the trier of fact. *See Anderson,* 477 U.S. at 255, 106 S.Ct. at 2513.

## III. ANALYSIS

Defendant moves for summary judgment on the basis that Plaintiff's claims

are barred by limitations. At first blush, Defendant appears to be correct. The statute of limitations for Jones Act claims is three years. *See* 46 U.S.C.App. § 763a. Plaintiff's cause of action accrued five years ago, well outside the limitations period. However, Plaintiff makes two arguments that his cause of action is not barred by the Jones Act's statute of limitations. First, Plaintiff argues that the doctrine of equitable tolling should extend the limitations period to encompass his cause of action. Second, Plaintiff urges the Court to apply the "saving clause" of the Texas Civil Practice and Remedies Code. This saving clause would suspend the running of the applicable statute of limitations for sixty days after the final dismissal in another court of a previous action for lack of personal jurisdiction. *See* Tex.Civ.Prac. & Rem.Code Ann. § 16.064 (Vernon 1997). The Court will examine each of these arguments in turn.

■ The United States Court of Appeals for the Fifth Circuit has not decided whether the doctrine of equitable tolling applies to Jones Act cases dismissed for lack of personal jurisdiction. *See Wilson v. Zapata Off–Shore Co.,* 939 F.2d 260, 267 (5th Cir.1991); *Covey v. Arkansas River Co.,* 865 F.2d 660, 662 (5th Cir.1989) ("This Court has not yet decided the applicability of equitable tolling to Jones Act cases which are dismissed for want of jurisdiction and refiled subsequent to the limitations period."). However, in an abundance of caution, the Court will consider Plaintiff's argument. In certain instances, the Court may apply the doctrine of equitable tolling to extend the period during which a case may be filed. *See Covey,* 865 F.2d at 661 (*citing Burnett v. New York Central Railroad Co.,* 380 U.S. 424, 427, 85 S.Ct. 1050, 1054, 13 L.Ed.2d 941 (1965) (applying equitable tolling to FELA cases dismissed on the basis of improper venue)). In determining whether the doctrine should be invoked, the Court looks to factors such as diligence on the part of the

party bringing the action and timely service of process. *See id.* at 662.

This case offers numerous examples of Plaintiff's lack of diligence in prosecuting his action. First, Plaintiff failed to act on the possibility that jurisdiction in New York was improper during the first three years of that lawsuit. That omission is particularly vexing as Defendant raised lack of personal jurisdiction in its Answer, putting Plaintiff on notice that jurisdiction might not be proper. More troubling is the fact that in a similar, earlier case filed in New York by Plaintiff's counsel against this Defendant, the court there held that Defendant was not subject to personal jurisdiction. Second, Plaintiff failed to oppose Defendant's Motion to Dismiss for lack of personal jurisdiction, resulting in a dismissal by default. Third, Plaintiff at that critical juncture failed to take any other action, such as filing a protective suit in another jurisdiction. Fourth, Plaintiff failed to satisfy the procedural requirements for his Motion to Vacate the New York court's dismissal, resulting in a final judgment in Defendant's favor. Finally, it was not until April 17, 1998, thirty-seven days after the entry of final judgment in New York, that Plaintiff brought suit in this Court. Together, these omissions demonstrate a startling lack of diligence in prosecuting this claim.

Similarly, Plaintiff's actions in serving Defendant in this suit are not model examples of timeliness. After filing this action on April 17, Plaintiff did not manage to serve Defendant with the lawsuit until August 7, 112 days later. The time limit for service of a summons and complaint upon a defendant is 120 days from the date of the complaint's filing. *See* Fed.R.Civ.P. 4(m). While Plaintiff's service was effected within the limits of the rule, Plaintiff's actions, and his silence in response to Defendant's Motion with respect to that issue, nonetheless demonstrate a certain nonchalance toward service.

Plaintiff's delay in serving Defendant with this lawsuit, coupled with his lack of

diligence in prosecuting the action in a court of proper jurisdiction, "negates any serious and diligent intention on [his] part to pursue available legal remedies." *Covey*, 865 F.2d at 662. Consequently, the Court concludes that even if equitable tolling were to apply to Jones Act cases dismissed for lack of personal jurisdiction, Plaintiff's actions in this case would not merit application of the doctrine.

■■■ The Court now turns its attention to Plaintiff's second argument, that Texas's "saving clause," Tex.Civ.Prac. & Rem.Code Ann. § 16.064 (Vernon 1997), suspends the Jones Act limitations period and allows this action to proceed. The saving clause allows a plaintiff a grace period of sixty days following dismissal for lack of jurisdiction to file his action in a court of proper jurisdiction. *See* Tex.Civ. Prac. & Rem.Code Ann. § 16.064(a)(1) and (2) (Vernon 1997). Federal courts may apply such state saving clauses in diversity actions and even in some actions arising under federal law where the relevant federal statute contains no specific limitations period. *See* 4 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1056 at 189–92 (2d ed.1987) (citing cases). However, in actions arising under federal statutes that contain specific limitation provisions, state saving clauses such as this one have no applicability. *See Holmberg v. Armbrecht*, 327 U.S. 392, 395, 66 S.Ct. 582, 584, 90 L.Ed. 743 (1946) ("If Congress explicitly puts a limit upon the time for enforcing a right which it created, there is an end of the matter."); *see also* 4 Charles A. Wright & Arthur R. Miller § 1056 at 192 ("In the less common situations in which the relevant federal statute does contain a specific limitations provision . . . state grace provisions will not be applied."). As the Court has already noted, the Jones Act contains its own explicit statutory limitations period. *See* 46 U.S.C.App. § 763a. Consequently, the Texas saving clause does not apply to this action.

The Jones Act allows a plaintiff three years from the accrual of his cause of action to file a complaint. *See* 46 U.S.C.App. § 763a. Plaintiff's cause of action accrued almost five years before he filed this action. Because neither Plaintiff's argument for equitable tolling nor his argument for application of the Texas saving clause persuades the Court that the Jones Act limitations period should not apply, Plaintiff's action is barred by limitations. Defendant's Motion for Summary Judgment on that basis is therefore **GRANTED.** Each and all of Plaintiff's claims are **DISMISSED WITH PREJUDICE.**

## IV. CONCLUSION

The particular vulnerabilities of seamen such as Plaintiff and the substantial risks they routinely face in their line of work have made them "the wards of the court." *See Spinks v. Chevron Oil Co.*, 507 F.2d 216, 223 (5th Cir.1975). This Court treats wards as wards, an obligation that the Court undertakes with great reverence and care. However, that obligation has limits and Plaintiff has reached them. Plaintiff's failure to prosecute this action within the limitations period, for whatever reason, means his claims are time-barred. Defendant's Motion for Summary Judgment is thus **GRANTED.** Each and all of Plaintiff's claims are **DISMISSED WITH PREJUDICE.** The parties are **ORDERED** to bear their own taxable costs and expenses occurred herein to date. The parties are also **ORDERED** to file no further pleadings on these issues in this Court, including motions to reconsider or the like, unless justified by a *compelling* showing of new evidence not available at the time of the instant submissions. Instead, the parties are instructed to seek any further relief to which they feel themselves entitled in the United States Court of Appeals for the Fifth Circuit, as may be appropriate in due course.

**IT IS SO ORDERED.**