IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-50937
Summary Calendar
_____

BRUCE DANIEL HILL,

Petitioner-Appellant,

versus

GARY L. JOHNSON, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-99-CV-1122
--------------------
July 6, 2001

Before DAVIS, JONES and DeMOSS, Circuit Judges.

PER CURIAM:*

Bruce Daniel Hill appeals the district court's dismissal of his 28 U.S.C. § 2254 application as time-barred. He contends that he is entitled to equitable tolling of the limitations period due to mental and physical incompetency, confiscation of his legal materials, and delay in notification of denial of state writ of habeas corpus.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a state prisoner is subject to a one-year period

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of limitations for filing a § 2254 application. § 2244(d)(1). The one year-limitations period typically runs from the date on which the challenged judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. Id. This court "allow[s] a prisoner whose conviction became final before AEDPA's [April 24, 1996,] effective date a reasonable length of time -- a grace period -- during which to file his petition." See Fisher v. Johnson, 174 F.3d 710, 711-12 (5th Cir. 1999). One year presumptively constitutes a reasonable grace period in this context. Id. at 712.

The § 2244(d)(1) limitations period and the grace period may be equitably tolled, but only in "rare and exceptional circumstances." See Felder v. Johnson, 204 F.3d 168, 169-71 (5th Cir. 2000). A district court's decision not to apply the doctrine of equitable tolling is reviewed for abuse of discretion. See Ott v. Johnson, 192 F.3d 510, 513 (5th Cir. 1999).

Hill's convictions became final on July 25, 1990. To be timely, Hill's § 2254 application should have been filed on or before April 24, 1997. See Flanagan v. Johnson, 154 F.3d 196, 202 (5th Cir. 1998). However, Hill did not file his application until October 7, 1999, over two years after the deadline.

Hill alleged in district court that he was entitled to equitable tolling due to his physical and mental condition, the confiscation of his legal materials, and because there was a delay in notifying him that his state writ of habeas corpus was denied. Although allowing for specified periods of equitable

tolling for these various reasons, the district court determined that Hill's federal petition was nonetheless untimely.

Even when a petitioner demonstrates "rare and exceptional circumstances" for missing the federal habeas deadline, he also must have pursued his claims diligently to justify equitable tolling of the statute of limitations. See Fisher v. Johnson, 174 F.3d 710, 715 (5th Cir. 1999), cert. denied, 121 S. Ct. 1124 (2001); see also Covey v. Arkansas River Co., 865 F.2d 660, 662 (5th Cir. 1989) ("[E]quity is not intended for those who sleep on their rights."). The district court found that Hill was not diligent in his pursuit of relief because after being notified that his state writ of habeas corpus was denied, he waited nine months to file a § 2254 petition.

Hill has not established that he was diligent in his pursuit of federal habeas relief, therefore he is not entitled to equitable tolling. See Coleman v. Johnson, 184 F.3d 398, 401-02 (5th Cir. 1999).

The dismissal of Hill's § 2254 application as time-barred is AFFIRMED.