IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 12, 2008

Charles R. Fulbruge III
Clerk

No. 06-30508

ANGELO A. GONZALES

Petitioner-Appellant

V.

TIM WILKINSON, WARDEN

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
2:05-CV-331

Before GARWOOD, GARZA, and BENAVIDES, Circuit Judges.

GARWOOD, Circuit Judge:[*]

Petitioner-Appellant, Angelo A. Gonzales, a Louisiana prisoner, appeals the district court's dismissal of his application for a federal writ of habeas corpus. The district court held that Gonzales's petition for post-conviction relief should be dismissed as untimely under the pertinent Antiterrorism and Effective Death Penalty Act (AEDPA) one-year statute of limitations. For the following reasons, we affirm the judgment of the district court.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

FACTS AND PROCEEDINGS BELOW

On October 18, 2001, Gonzales pleaded guilty in Louisiana state court to two counts of attempted second degree murder and one count of being a felon in possession of a firearm. On the same day, the trial court sentenced him on each count to concurrent fifteen-year imprisonment terms. After filing a number of motions in Louisiana state court, Gonzales, on January 28, 2005, filed the instant application for a writ of habeas corpus in the district court under 28 U.S.C. § 2254. Under AEDPA, a petitioner has one year from the date on which his conviction becomes final to file his petition for post-conviction relief in federal court. 28 U.S.C. § 2244(d)(1); see also Prieto v. Quarterman, 456 F.3d 511, 514 (5th Cir. 2006). However, the one-year statute of limitations is tolled for "[t]he time during which a properly filed application for state post-conviction, or other collateral review . . . is pending," 28 U.S.C. § 2244(d)(2), or if "equitable tolling" is warranted. Prieto, 456 F.3d at 514. After calculating the duration of Gonzales's one-year limitations period, the magistrate judge (MJ) determined that Gonzales's application was untimely, and recommended that the district court dismiss Gonzales's application with prejudice.

The MJ determined that, at the latest, Gonzales's October 18, 2001 conviction was final on October 25, 2001, when he failed to make a motion to appeal his conviction within five days, excluding legal holidays, as required by Louisiana law. See LA. CODE CRIM. PROC. ANN. art. 914(B)(1) (1997) (providing that a defendant has five days after a judgment to file a motion for an appeal)[1]; State v. Counterman, 475 So.2d 336, 338 (La. 1985) (holding that a defendant's sentence is final when he fails to make a timely motion for appeal). The MJ then found that Gonzales was entitled to tolling from July 22, 2002 to April 9, 2003,

---

[1] In 2003, this statute was revised to give a defendant thirty days after a judgment to make a motion for an appeal. However, at the time that Gonzales was sentenced in 2001, the five day period applied.

the time period during which his state Application for Post Conviction Relief was pending, and the time it took for Gonzales to receive notice from the court that his state habeas application had been denied. The MJ also tolled the period between April 9, 2003 and May 9, 2003, the thirty days during which Gonzales could have sought review of the court's decision regarding his state habeas application. He also tolled the period from July 21, 2003 to December 10, 2004, while Gonzales's Motion to Vacate and/or Correct an Illegal Sentence was pending in the state court system. The MJ found that because 269 days elapsed before the tolled period of July 22, 2002 to May 9, 2003, and because seventy-two more days elapsed before the limitations period was tolled again from July 21, 2003, until December 10, 2004, Gonzales had only twenty-four days remaining after December 10, 2004, or until January 3, 2005, to timely file his application for post-conviction relief in federal court. Thus, Gonzales's application for habeas relief was untimely when filed on January 28, 2005.

The MJ found that Gonzales was not entitled to tolling credit for any other time period, including the time period that is at issue in this appeal, namely the time after Gonzales filed a Motion for Reconsideration of Sentence on December 2, 2001. At the time Gonzales was sentenced, Louisiana law provided that "within thirty days of the imposition of sentence or within such longer period as the trial court may set at sentence, the state or the defendant may make or file a motion to reconsider sentence." LA. CODE CRIM. PROC. ANN. art. 881.1(A)(1) (1997). Gonzales was sentenced on October 18, 2001, but did not file his Motion for Reconsideration of Sentence until December 2, 2001, well over thirty days after his sentencing. Furthermore, there is no indication that the trial court extended the filing deadline for him. Despite the fact that the motion was not timely under Louisiana law, the trial court did not expressly deny it on these grounds. Instead, in response to the motion, the court issued an order on January 24, 2002, which provided that it could not evaluate the motion without

a Boykin transcript.[2]   The order stated: "In order to properly evaluate defendant's claim, it is necessary to review his Boykin transcript.  Defendant should refile his pleading with a copy of his Boykin transcript attached."  The January 24, 2002 order also granted Gonzales a free Boykin transcript. Gonzales received the transcript on or near May 30, 2002, but he never refiled his Motion for Reconsideration of Sentence as the January 24, 2004 order stated he should.  The next motion that Gonzales filed was his state Application for Post Conviction Relief filed on July 22, 2002.

Despite the fact that the state trial court did not reject Gonzales's motion as untimely, the federal MJ found that the motion was untimely under state law, and thus was not "properly filed" for purposes of 28 U.S.C. § 2244(d)(2).  Thus, the MJ concluded that Gonzales was not entitled to tolling for any time period in relation to his Motion for Reconsideration of Sentence.

Over Gonzales's objection, the district court adopted the MJ's report and recommendation and dismissed Gonzales's petition for post-conviction relief with prejudice.  Gonzales filed a timely notice of appeal.  Because of the circumstances surrounding Gonzales's Motion for Reconsideration, the district court issued a Certificate of Appealability (COA) under 28 U.S.C. § 2253(c) on the issue of whether Gonzales's AEDPA limitations period should be tolled for the time during which he awaited his Boykin transcript at the direction of the trial court between January 24, 2002, and May 30, 2002.[3]

---

[2] A "Boykin transcript" is a transcript of the portion of the trial court proceedings in which, pursuant to the requirements of Boykin v. Alabama, 395 U.S. 238 (1969), the court advises the defendant of his right against self-incrimination, right to a jury trial, and right to confrontation prior to accepting the defendant's guilty plea.  See State v. Braziel, 968 So.2d 853, 860 (La. Ct. App. 2d Cir. 2007).

[3] The district court's order grants a COA on (and only on) "the issue of whether equitable or statutory tolling should apply to the time petitioner waited for his transcripts, per the trial judge's order."

DISCUSSION

We limit our discussion to the issue presented in the COA: Whether the time period (from January 24, 2002 to May 30, 2002) during which Gonzales awaited his trial transcript should be tolled for purposes of the AEDPA one-year statute of limitations for filing a petition for federal post-conviction relief.[4] For the reasons stated below, we hold that this time period should not be tolled, and we affirm the judgment of the district court.

Under the AEDPA, a prisoner has one-year from the date on which his conviction becomes final to file a federal petition for post-conviction relief. Prieto, 456 F.3d at 514. However, under 28 U.S.C. § 2244(d)(2), the one-year statute of limitations is tolled while "a properly filed application for State

---

[4] Both Gonzales and the state make arguments in their briefs that fall outside the scope of the COA. For example, Gonzales extensively briefed the merits of an ineffective assistance of counsel claim. In his brief, he also claims that his actions were not illegal because he lacked specific intent, that the weapons he used in the events at issue in his case were not his, and that he only used force in self defense. A COA is required to appeal the denial of a state prisoner's habeas application. 28 U.S.C. § 2253(c)(1)(A); Slack v. McDaniel, 120 S. Ct. 1595, 1600 (2000). A COA shall issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The COA "shall indicate which specific issue or issues satisfy the showing required." 28 U.S.C. § 2253(c)(3). If a district court partially grants a COA and certifies some, but not all, issues raised by an applicant in the district court, the applicant may move this court to extend the order granting a COA to issues that the district court refused to certify. United States v. Kimler, 150 F.3d 429, 431 (5th Cir. 1998). To move this court to extend the order granting a COA requires an "express request" from the applicant. Id. at 431 n.1. Merely briefing issues outside the ambit of the COA does not satisfy this requirement. See id. at 431 & n.1. Gonzales has not made such a request to expand his COA to include any of the additional issues raised in his brief. Because this court's review is limited to the issue specified in the grant of COA, Gonzales's arguments outside the scope of the COA need not be considered, and we do not consider them. Lackey v. Johnson, 116 F.3d 149, 152 (5th Cir. 1998).

The state also makes arguments in its brief that are outside of the scope of the COA. Specifically, it argues that the MJ and district court should not have tolled certain time periods in calculating Gonzales's one-year limitations period under the AEDPA. Because we hold that Gonzales is not entitled to statutory or equitable tolling for the period at issue in the COA, Gonzales's application for federal post-conviction relief was untimely, and was properly dismissed even if the district court should have tolled fewer days to calculate his one-year limitations period. Because the state's arguments are outside the scope of the COA and have no bearing on the outcome of the case, we will not address them. See id.

post-conviction or other collateral review is pending." See Prieto, 456 F.3d at 514. The limitations period is also subject to equitable tolling "in rare and exceptional circumstances." Id. This court reviews a district court's decision regarding statutory tolling de novo, while it reviews a district court's decision regarding equitable tolling for abuse of discretion. Id.

A.    Statutory Tolling

Gonzales is not entitled to statutory tolling for the period during which he awaited his Boykin transcript. As discussed above, Gonzales's Motion for Reconsideration of Sentence was not timely filed under Louisiana law. The MJ found that Gonzales was not entitled to any tolling credit for this motion as it was not "properly filed" for purposes of 28 U.S.C. § 2244(d)(2). This conclusion is supported by Supreme Court precedent, which indicates that when a post-conviction petition is not timely under state law, it is not "properly filed" for purposes of § 2244(d)(2), and does not initiate a tolling period. Allen v. Siebert, 128 S. Ct. 2, 4 (2007) (citing Pace v. DiGuglielmo, 125 S. Ct. 1807, 1807 (2005)). However, in Allen, the Court indicated that because the defendant's "petition for state postconviction relief was rejected as untimely by the [state] courts, it was not 'properly filed.'" Id. Thus, it is not clear whether a petition for post-conviction relief is untimely if the state court does not explicitly reject it as such.

In this case, the state trial court did not deny Gonzales's Motion for Reconsideration of Sentence as untimely, but issued an order indicating that Gonzales should "refile his pleading with a copy of his Boykin transcript attached." However, Gonzales never refiled or otherwise pursued his Motion for Reconsideration of Sentence after receiving his transcript; instead, he filed a timely Post Conviction Relief Application almost two months later, on July 22, 2002. See LA. CODE CRIM. PROC. ANN. art. 930.8(A) (2007) (providing that generally a defendant has two years after the judgment of conviction and sentence have become final to file an application for post-conviction relief). It is

not clear whether, under Allen and Pace, the statute of limitations should be tolled when a state district court does not find that a motion for post conviction relief is untimely despite the fact that it is untimely under the pertinent statute. However, we need not address this issue here because Gonzales's failure to timely file the Motion for Reconsideration combined with his failure to refile the motion as instructed by the trial court clearly establishes that he did not "properly file" the motion. Therefore, he is not entitled to statutory tolling under 28 U.S.C. § 2244(d)(2).

B.    Equitable Tolling

Because Gonzales never pursued his motion for reconsideration of sentence after receipt of the Boykin transcript he failed to "diligently pursue" the avenue of relief afforded him by the January 24, 2002 court order, and is hence not entitled to equitable tolling in respect to the time he awaited the transcript. See, e.g., Coleman v. Johnson, 184 F.3d 398, 403 (5th Cir. 1999) (to be entitled to equitable tolling "applicant must diligently pursue . . . relief"). See also Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000); Covey v. Arkansas River Co., 865 F.2d 660, 662 (5th Cir. 1989) ("[E]quity is not intended for those who sleep on their rights").

Gonzales also is not entitled to equitable tolling for that period because he has not demonstrated that he faced "rare and exceptional" circumstances that prevented him from "properly filing" his motion. Prieto, 456 F.3d at 514.[5] This court has recognized that the AEDPA limitations period is subject to equitable tolling in "rare and exceptional circumstances," and "when strict application of the statute of limitations would be inequitable." Id. (quoting Davis v. Johnson,

---

[5] There is no evidence that the Boykin transcript was necessary to filing any post-conviction proceedings (certainly not other than the motion to reconsider sentence); nor is there evidence that Gonzales was not present during all the proceedings reflected by the transcript.

158 F.3d 806, 811 (5th Cir. 1998)); Larry v. Dretke, 361 F.3d 890, 896 (5th Cir. 2004) (internal quotation and citation omitted). "Equitable tolling applies principally when the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." Larry, 361 F.3d at 897 (quoting Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999)).

Although his arguments are difficult to discern, Gonzales appears to argue that he should be entitled to equitable tolling because he did not understand the statute of limitations, he does not fully comprehend English, and he did not have legal assistance to file his motions for post-conviction relief. It is well settled that "ignorance of the law, even for an incarcerated pro se petitioner [like Gonzales], generally does not excuse prompt filing." Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir. 1999); see also United States v. Riggs, 314 F.3d 796, 799 (5th Cir. 2002). Thus, Gonzales's ignorance of the law does not justify equitable tolling. Furthermore, the state trial court found that Gonzales understood the proceedings despite the fact that English is not his native language, and Gonzales never requested an interpreter during his proceedings. This court presumes that factual findings such as these made by a state court are correct. 28 U.S.C. § 2254(e)(1). Furthermore, Gonzales filed other motions in state court in a timely manner. Thus, Gonzales's limited understanding of English does not appear to have presented a rare and exceptional circumstance that would warrant equitable tolling. Finally, Gonzales's lack of legal assistance should not have triggered equitable tolling. A prisoner has no right to counsel during post-conviction proceedings, so the fact that Gonzales did not have assistance of counsel for his post-conviction briefing does not indicate that he should be entitled to equitable tolling. See Riggs, 314 F.3d at 799.

Gonzales fails to note any "rare and exceptional" circumstance that prevented him from properly filing his Motion for Reconsideration of Sentence

within thirty days of his sentencing or from refiling the motion as instructed by the state trial court after receiving his Boykin transcript. Thus, the district court did not abuse its discretion in holding that he is not entitled to equitable tolling for any time period in relation to his Motion for Reconsideration, including the time that he awaited his trial transcript pursuant to the trial court's order.

## CONCLUSION

As Gonzales is not entitled to equitable or statutory tolling for the time period during which he awaited his trial transcript pursuant to the instructions of the trial judge, his motion for federal post-conviction relief was not timely, and was properly denied with prejudice.

AFFIRMED.