Wang v. Lynch

BIA
A079 400 344

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of February, two thousand sixteen.

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge,*
> BARRINGTON D. PARKER,
> DENNY CHIN,
> > *Circuit Judges.*

_____

DONG WANG,
> *Petitioner,*

v.                                                   15-622
                                                     NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

**FOR PETITIONER:**          Joshua Bardavid, New York, New York.

**FOR RESPONDENT:**          Benjamin C. Mizer, Principal Deputy
                             Assistant Attorney General; Russell
                             J.E. Verby, Senior Litigation
                             Counsel; Laura Halliday Hickein,
                             Trial Attorney, Office of
                             Immigration Litigation, United

States Department of Justice,
Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Dong Wang, a native and citizen of China, seeks review of a February 5, 2015, decision of the BIA denying his motion to reopen. *In re Dong Wang,* No. A079 400 344 (B.I.A. Feb. 5, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion, "mindful that motions to reopen 'are disfavored.'" *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (quoting *INS v. Doherty*, 502 U.S. 314, 323 (1992)). An alien seeking to reopen proceedings may file one motion to reopen no later than 90 days after the final administrative decision is rendered. 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). These limitations may be excused to accommodate a claim of ineffective assistance of counsel. *Rashid v. Mukasey*, 533 F.3d 127, 130 (2d Cir. 2008); *Jin Bo Zhao*

2

*v. INS*, 452 F.3d 154, 159-60 (2d Cir. 2006).  The limitations may also be excused if the motion to reopen is "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding."  8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii).  Wang's 2015 motion was untimely and number barred: it was his second motion to reopen, and he filed it nearly thirteen years after the agency ordered him removed *in absentia*.

Wang argues that the time and numerical limitations should be excused based on his prior counsel's ineffectiveness.  In applying the doctrine of equitable tolling to these limitations, we engage in a two-step inquiry: first, we determine "whether and when the ineffective assistance '[was], or should have been, discovered by a reasonable person in the situation.'  Then, petitioner bears the burden of proving that he has exercised due diligence in the period between discovering the ineffectiveness of his representation and filing the motion to reopen."  *Jian Hua Wang v. BIA*, 508 F.3d 710, 715 (2d Cir. 2007) (quoting *Iavorski v. INS*, 232 F.3d 124, 134 (2d Cir.

3

2000)). The petitioner must demonstrate "due diligence" in pursuing a claim "during the entire period he . . . seeks to toll." *Rashid*, 533 F.3d at 132.

Here, the BIA reasonably found that Wang failed to exercise due diligence in discovering his prior counsel's error. Wang knew about the October 2002 *in absentia* removal order by November 2002, when first he moved to reopen proceedings. Wang alleges that his attorney did not confess that it was his own mistake, rather than an error on the hearing notice, that caused his office not to notify Wang of the hearing. The BIA, however, had the discretion to conclude that concealment of what actually transpired in 2002 "should have been . . . discovered by a reasonable person in the situation" before 2015. *Iavorski*, 232 F.3d at 134 (rejecting petitioner's request to toll a two-year period from when he "should have known that he had been a victim of ineffective assistance of counsel"). Nor did Wang's reference to a 2008 FOIA request demonstrate due diligence. Wang did not submit evidence of that request, and an "attorney's unsworn statements in a brief are not evidence." *Kulhawik v. Holder*, 571 F.3d 296, 298 (2d Cir. 2009). Moreover, the BIA justifiably doubted that a single FOIA request would

4

demonstrate due diligence. Wang did not pursue the matter between 2004 (when his motions to reopen and reconsider were denied) and 2008 (when he made the alleged FOIA request), or between 2008 and 2013 (when he hired a new attorney). *Rashid*, 533 F.3d at 132 (requiring due diligence "during the entire period" a petitioner "seeks to toll"). By 2013, nearly eleven years had passed since Wang first learned about the *in absentia* removal order. "[E]quity is not intended for those who sleep on their rights." *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989).

Wang also argued that a material change in conditions for Christians in China excuses the time and number limitations on his motion to reopen. The BIA was within its discretion reject this argument. The BIA acknowledged that Wang's documents "generally reference a 'worsening' in spots" for Chinese Christians. But the question on a motion to reopen is not whether conditions have worsened, but rather whether they have materially changed since the original merits hearing. 8 U.S.C. § 1229a(c)(7)(C)(ii); *Matter of S-Y-G-*, 24 I. & N. Dec. 247, 253 (BIA 2007) (to determine "whether evidence accompanying a motion to reopen demonstrates a material change," the agency

5

"compare[s] the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below").  Wang submitted reports of country conditions in 2012 and 2013, but none as of 2002.  The BIA understandably concluded that without evidence of that baseline, it could not draw the necessary comparison.

Wang argues that he did not need to submit evidence of 2002 conditions because the more recent reports demonstrate that "the situation has *worsened*."  He quotes that phrase from *Poradisova v. Gonzales*, 420 F.3d 70, 81 (2d Cir. 2005).  But a footnote to that sentence in *Poradisova* defeats Wang's argument.  It makes clear that the record before the agency in that case included evidence of conditions as of the Poradisovs' merits hearing.  *Id*. at 81 n.9 ("The 2001 State Department Report, in particular, devotes far more space to reports of antisemitic abuses and recounts far more specific incidents than did the 1997 and 1998 Reports introduced with the Poradisovs' original application.").

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED,

and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk