# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-40016

United States Court of Appeals
Fifth Circuit

**FILED**

January 5, 2018

Lyle W. Cayce
Clerk

JULIA ANN FLORES,

      Plaintiff - Appellant

v.

UNITED STATES OF AMERICA,

      Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:16-CV-225

Before STEWART, Chief Judge, and JOLLY and OWEN, Circuit Judges.

PER CURIAM:*

      Plaintiff-Appellant Julia Ann Flores brought suit against the United States in 2016 under the Federal Tort Claims Act ("FTCA") after she was involved in a rear-end collision with a U.S. Marshal in November 2013. The district court granted the Government's motion for summary judgment and dismissed Flores's claims. Flores then filed a Rule 59(e) motion to vacate the summary judgment which the district court also denied. Flores appeals both judgments. We affirm.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-40016

## I.     Facts & Procedural Background

On November 14, 2013, U.S. Marshal Thomas Gustavo Ayala, while acting within the course and scope of his employment as a federal employee, rear-ended Flores's vehicle while she was stopped at a red light.  Flores mistakenly submitted an administrative claim under the FTCA to the U.S. Customs and Border Protection on November 3, 2015, and it was received by that office on November 10, 2015.  Flores's claim was then routed to the correct agency, the U.S. Marshals Service ("USMS"), on November 17, 2015.  The USMS did not actually receive the claim until December 2, 2015.  The USMS denied Flores's claim as untimely and she filed suit in federal district court in May 2016.

In response to Flores's complaint, the Government filed a "Motion to Dismiss and/or Alternatively for Summary Judgment" on grounds that Flores failed to comply with the FTCA's requirement that an administrative claim be filed with the appropriate federal agency within two years of the accrual of the cause of action as required by 28 U.S.C. § 2401(b).  According to the Government, since the accident occurred on November 14, 2013, Flores's statutory deadline for presenting a claim to the USMS was November 14, 2015.  However, Flores's attorneys incorrectly addressed her claim and sent it to the wrong federal agency, *i.e.*, the U.S. Customs and Border Protection within the U.S. Department of Homeland Security.  By the time the claim reached the appropriate federal agency, the USMS, it was December 2, 2015—two weeks past the statutory deadline.

Flores did not file a response to the Government's motion for summary judgment.  Because the record evidence reflected that Flores had failed to comply with the FTCA's statutory requirements that she file an administrative claim with the USMS by November 14, 2015, and because Flores did not allege any grounds to excuse her noncompliance, the district court granted summary

2

judgment in favor of the Government and dismissed Flores's claim with prejudice.

A month later, Flores filed a "Motion to Alter or Amend Judgment" under Federal Rule of Civil Procedure 59(e) requesting that the district court vacate its final judgment and summary judgment. According to the motion, Flores's counsel did not receive notice that the summary judgment motion would be taken up prior to the parties' pretrial conference or "prior to Flores' ability to do sufficient discovery to prepare a response[.]" Flores noted that the district court granted summary judgment on grounds that her 2015 administrative claim was not filed within the required statutory period, but she did not argue that her 2015 claim was timely. Instead, for the first time in the underlying proceedings, she asserted that she had filed an administrative claim with the USMS in December of 2013. Flores argued that the district court should grant her Rule 59(e) motion "to Prevent Manifest Injustice" and "Because the Court Inadvertently Made Clear Errors of Law and Fact."

The district court denied Flores's Rule 59(e) motion. With respect to Flores's first argument, the district court cited the Local Rules of the United States District Court for the Southern District of Texas and noted that "[o]pposed motions will be submitted to the judge 21 days from filing without notice from the clerk and without appearance by counsel." The district court further observed that the Local Rules provide that "responsive motions must be filed within 21 days and [f]ailure to respond will be taken as a representation of no opposition." The district court then cited to the Local Rule that provides that unopposed motions "will be considered as soon as it is practicable." In light of these rules, and because Flores failed to respond to the Government's motion for summary judgment, the district court concluded that it had the "authority to rule on the [Government's summary judgment] motion prior to the Initial Pretrial Conference."

With respect to Flores's second argument regarding her purported timely filing of an administrative claim in 2013, the district court concluded that the claim was not newly discoverable evidence and Flores had provided "no reason as to why this evidence was not discoverable until the filing of the instant Rule 59(e) motion." The district court continued that "[e]ven if Plaintiff had timely presented affidavits and the 2013 administrative complaint . . . [Flores] nevertheless failed to satisfy the statutory requirements of the FTCA" because "[a]n essential element of the FTCA is that the claim specifies 'a claim for money damages in a sum certain.'" The district court pointed to Flores's attached 2013 administrative claim wherein she "inserted 'will supplement' in the claim fields for personal and property damages, and left completely blank the 'TOTAL' field for amount of claim." On that basis, the district court concluded that Flores's 2013 administrative claim did not demonstrate compliance with the FTCA.

Flores filed this appeal challenging the district court's denial of her Rule 59(e) motion and the underlying summary judgment in favor of the Government.

## II.    Standard of Review

"We review a district court's grant of summary judgment de novo, applying the same standards as the district court." *Hagen v. Aetna Ins. Co.*, 808 F.3d 1022, 1026 (5th Cir. 2015). Summary judgment is appropriate if the record evidence shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Robinson v. Orient Marine Co.*, 505 F.3d 364, 366 (5th Cir. 2007). "A panel may 'affirm summary judgment on any ground supported by the record, even if it is different from that relied on by the district court.'" *Reed v. Neopost USA, Inc.*, 701 F.3d 434, 438 (5th Cir. 2012).

No. 17-40016

This court "generally review[s] a decision on a motion to alter or amend judgment for abuse of discretion, although to the extent that it involves a reconsideration of a question of law, the standard of review is de novo." *Alexander v. Wells Fargo Bank*, 867 F.3d 593, 597 (5th Cir. 2017). "Under Rule 59(e), amending a judgment is appropriate (1) where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact." *Id.* Further, "[a] notice of appeal from the denial of a timely Fed. R. Civ. P. 59(e) motion brings up the underlying judgment for review." *Id.*

## III.   Discussion

Flores contends that the district court erred in granting the Government's motion for summary judgment and in denying her subsequent Rule 59(e) motion. We disagree.

The FTCA provides that tort actions are forever barred "against the federal government unless the claim is first presented to the appropriate federal agency within two years after such claim accrues." *Trinity Marine Prods., Inc. v. United States*, 812 F.3d 481, 487 (5th Cir. 2016) (internal quotation marks omitted). Under the FTCA, the general rule "is that a tort action accrues at the time of a plaintiff's injury." *Id.* The requirement that a plaintiff first exhaust their administrative remedies by timely filing their claim with the appropriate federal agency "is a prerequisite to suit [against the United States] under the FTCA." *Life Partners Inc. v. United States*, 650 F.3d 1026, 1029–30 (5th Cir. 2011). The FTCA provides in pertinent part:

> [A] claim shall be deemed to have been presented when a Federal agency receives from a claimant . . . or legal representative, an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum

certain for injury to or loss of property, personal injury or death alleged to have occurred by reason of the incident [.]

. . .

A claim shall be presented to the Federal agency whose activities gave rise to the claim. When a claim is presented to any other Federal agency, that agency shall transfer it forthwith to the appropriate agency, if the proper agency can be identified from the claim, and advise the claimant of the transfer . . . A claim shall be presented as required by 28 U.S.C. 2401(b) as of the date it is received by the appropriate agency.

28 C.F.R. § 14.2(a), (b)(1).

"The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *Trinity Marine*, 812 F.3d at 488–89. The claimant "bears the burden of justifying equitable tolling." *Id.* at 489. This court has acknowledged that "factors to consider in determining whether to apply equitable tolling include diligence on the part of the party bringing the action, and timely service of process." *Covey v. Ark. River Co.*, 865 F.2d 660, 662 (5th Cir. 1989) (citing *Burnett v. N.Y. Cent. R.R. Co.*, 380 U.S. 424, 429 (1965)). Likewise, "[i]t is a common maxim that equity is not intended for those who sleep on their rights." *Id.* (holding that plaintiff's twice mistaken filing in a court of improper jurisdiction "negate[d] any serious and diligent intention on her part to pursue available legal remedies").

Here, the district court's summary judgment in favor of the Government was proper because Flores plainly failed to satisfy the FTCA's statutory requirement that she file her claim with the appropriate federal agency within two years of the accrual of her cause of action. *See Trinity Marine*, 812 F.3d at 487. Flores's failure to file a response to the Government's motion for summary judgment warranted the district court's acceptance of the Government's statement of facts as uncontroverted. *See Adams v. Travelers Indem. Co. of*

No. 17-40016

*Conn.*, 465 F.3d 156, 164 (5th Cir. 2006) ("Since the plaintiff failed to respond to the defendant's motion for summary judgment, the inquiry must be whether the facts presented by the defendants create an appropriate basis to enter summary judgment against the plaintiff."). The evidence presented by the Government included a 2015 administrative claim that Flores filed with the incorrect agency (U.S. Customs and Border Protection) that was received on November 10, 2015, four days prior to the statutory deadline of November 14, 2015. The record indicated that the 2015 claim was incorrectly addressed and mailed to the wrong agency in spite of the fact that the USMS had, shortly after the accident, sent Flores's counsel a claim form with instructions on how to complete the form. Notably, these instructions included the correct agency and address to ensure that the claim would reach the USMS. By the time the claim was forwarded and received by the correct federal agency, the USMS, it was December 2, 2015, more than two weeks past the statutory deadline.

The Act provides that "a claim shall be deemed to have been presented **when a Federal agency receives** from a claimant . . . or legal representative, an executed Standard Form 95[.]" 28 C.F.R. § 14.2(a) (emphasis added). When a claim is presented to the wrong federal agency, that agency is responsible for transferring the claim to the proper agency and that claim is considered presented under the Act when it is "**received by the appropriate agency**." *Id.* at § 14.2(b)(1) (emphasis added). Thus, the plain language of the Act provides for scenarios such as the one herein—where the claim is sent to the wrong agency and requires forwarding to the correct agency—and states that the claim is considered "presented" for purposes of the statutory deadline when it is "received by the appropriate agency." *Id.* Accordingly, the facts accepted at the summary judgment proceedings applied to the statutory language support the district court's conclusion that Flores failed to comply with the statutory requirements of the FTCA and consequently failed to exhaust the

required administrative remedies prior to filing suit in federal court. *See Life Partners*, 650 F.3d at 1029–30.

We also disagree with Flores's argument that she is entitled to equitable tolling.[1]  As stated, a factor to consider in determining whether to apply equitable tolling is diligence. *Covey*, 865 F.2d at 662. Equity is not intended to benefit those "who sleep on their rights." *Id.* Here, Flores waited until the eleventh hour to file her 2015 administrative claim, incorrectly addressed the claim, and sent it to the wrong federal agency. She then failed to file a response to the Government's motion for summary judgment, providing excuses for her failure that only revealed she was not well-versed on the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the Southern District of Texas. Flores's "actions throughout the life of this claim indicate a lack of diligence in asserting her rights." *Id.* Thus, Flores has failed to show entitlement to equitable tolling of her 2015 administrative claim. *Id.*

Flores further argues that the district court erred in rendering summary judgment without considering the constructive-filing doctrine. Her argument is misplaced. Once the Government met its burden of showing Flores's noncompliance with the statutory requirements of the FTCA, the burden shifted to Flores as the nonmoving party to "go beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial." *Adams*, 465 F.3d at 164 (internal quotation marks omitted). "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Id.*

---

[1] The common law mailbox rule is inapplicable to the FTCA and Flores does not claim otherwise. *See Vacek v. U.S. Postal Serv.*, 447 F.3d 1248, 1252 (9th Cir. 2006) (observing that "virtually every circuit to have ruled on the issue has held that the mailbox rule does not apply to [FTCA] claims, regardless of whether it might apply to other federal common law claims." (collecting cases)).

Flores did not advance the constructive-filing doctrine argument, or *any* argument, at the summary judgment proceedings. Accordingly, the district court did not err in not considering the constructive filing doctrine prior to rendering summary judgment. *Id.*[2]

Likewise, Flores's argument that the district court erred in not considering the "legal effect of filing two SF-95 claims" also fails. First, Flores failed to make this argument at the summary judgment proceedings. Second, had Flores made this argument, it would have failed because the legal effect of filing two legally insufficient SF-95 claims is no different from the legal effect of filing individual legally insufficient claims. In other words, if both claims fail to comply with the Act's statutory requirements, as they do here, it makes no difference whether they are reviewed together or separately.

For these reasons, the district court did not err in rendering summary judgment in favor of the Government. *See* Fed. R. Civ. P. 56(a); *Robinson*, 505 F.3d at 366 (providing that summary judgment is appropriate if the record evidence shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law).

*Rule 59(e) Judgment*

---

[2] Some circuits have interpreted the regulations to allow for "constructive filing" when a claim is timely but improperly filed with an incorrect agency and that agency fails to comply with the transfer regulation provided in the statute. *See Oquendo-Ayala v. United States*, 30 F. Supp. 2d 193, 195 (D.P.R. 1998). Here, when Flores filed her claim with the incorrect agency, U.S. Customs and Border Protection, that agency did comply with the transfer regulation in the statute by forwarding her claim to the USMS. Accordingly, Flores could not avail herself of the "constructive filing" doctrine even if she had advanced the argument at the summary judgment proceedings. *Oquendo-Ayala*, 30 F. Supp. 2d at 195–96 ("It was only because the claim was sent too close to the end of the time limit and to an improper agency, that plaintiff's claim was untimely presented. When a claimant waits until the eleventh hour to file and, despite notification of the appropriate agency, the filing is misdirected, there is no compelling reason for allowing constructive filing." (internal quotation marks omitted)).

No. 17-40016

The record indicates that Flores based her Rule 59(e) motion on two primary grounds for alleged entitlement to relief: (1) the motion for summary judgment was granted before the scheduled pretrial conference and (2) she previously filed an allegedly compliant administrative claim with the U.S. Marshals Service in December 2013.[3] We are not persuaded by her reasoning.

As the district court noted, the Federal Rules of Civil Procedure and the Local Rules of the United States District Court of the Southern District of Texas provide that "responsive motions must be filed within 21 days and [f]ailure to respond will be taken as a representation of no opposition" and that unopposed motions "will be considered as soon as it is practicable." *See* Fed. R. Civ. P. 56; S.D. Tex. L.R. 7.2; *see also Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 356–67 (5th Cir. 1993) (providing that denial of a motion to set aside a dismissal order "(1) is not an abuse of discretion when the proffered justification for relief is the 'inadvertent mistake' of counsel. Gross carelessness, ignorance of the rules, or ignorance of the law are insufficient bases for 60(b)(1) relief."); *Williams v. Thaler*, 602 F.3d 291, 303 (5th Cir. 2010) ("In practice . . . Rules 59(e) and 60(b) permit the same relief—a change in judgment." (internal quotation marks omitted)). Accordingly, the fact that the pretrial conference had not yet taken place was inconsequential to the district court's authority to rule on the Government's summary judgment motion.

Flores's second argument regarding her purported timely filing of an administrative claim in 2013 is also unavailing. Any administrative claim that Flores allegedly filed in 2013 would have been available at the summary

---

[3] Although Flores styled her motion under Rule 59(e), she requested that the district court "vacate its final judgment and summary order." As the district court correctly noted, this court has interpreted Rule 59(e) "as covering motions to vacate judgments, not just motions to modify or amend." *See Williams v. Thaler*, 602 F.3d 291, 303 (5th Cir. 2010) ("Any motion that draws into question the correctness of a judgment is functionally a motion under Civil Rule 59(e), whatever its label.").

judgment phase of the proceedings had Flores exercised the proper diligence. Moreover, as the district court observed, Flores provided "no reason as to why this evidence was not discoverable until the filing of the instant Rule 59(e) motion." *See Ferraro v. Lib. Mut. Fire Ins. Co.*, 796 F.3d 529, 534 (5th Cir. 2015) (noting that a motion to reconsider based on an alleged discovery of new evidence should only be granted if "the facts alleged are actually newly discovered and could not have been discovered earlier by proper diligence"); *Russ v. Int'l Paper Co.*, 943 F.2d 589, 593 (5th Cir. 1991) (observing that "the unexcused failure to present evidence which is available at the time summary judgment is under consideration constituted a valid basis for denying a motion to reconsider").[4]

Additionally, as the district court properly concluded, even if Flores had timely presented the 2013 administrative complaint, she nevertheless failed to satisfy the statutory requirements of the FTCA because she failed to include in the claim an amount of money damages in a "sum certain." The Act provides that a claim "shall be deemed to have been presented when the a Federal agency receives from a claimant . . . an executed Standard Form 95 or other written notification of an incident, accompanied by a **claim for money damages in a sum certain** for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident[.]" 28 C.F.R. § 14.2(a) (emphasis added). Flores's attached 2013 administrative claim form provided the phrase "will supplement" in the claim fields for personal and property damages and she left blank the line where she was required to provide the total dollar amount of her claim. Flores failed to supplement the 2013 claim form with a sum certain at a later date. As this court has acknowledged,

---

[4] According to the USMS, Flores's 2013 administrative claim was never filed within their agency.

No. 17-40016

FTCA claims failing to specify a sum certain are insufficient because they fail to comply with the Act's statutory requirements. *See Barber v. United States*, 642 F. App'x 411, 415 (5th Cir. 2016) (citing *Montoya v. United States*, 841 F.2d 102, 104 (5th Cir. 1988)); *Martinez v. United States*, 728 F.2d 694, 697 (5th Cir. 1984) ("[P]resentation of a claim including 'a sum certain' is a jurisdictional requirement.").[5]

For these reasons, we conclude that the district court did not err in denying Flores's Rule 59(e) motion. *Alexander*, 867 F.3d at 597.

## IV.   Conclusion

We affirm the district court's judgment denying Flores's Rule 59(e) motion as well as the underlying summary judgment in favor of the Government.

---

[5] The 2013 claim form Flores attached as an exhibit to her Rule 59(e) motion explicitly provides: "(d) Failure to specify a sum certain will render your claim Invalid and may result in forfeiture of your rights."